500 A.2d 295

**Elaine CORNISH**

v.

**STATE of Maryland.**

**No. 280, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 14, 1985.

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Ronald M. Levitan, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for

Baltimore City and Ruth Finch, Asst. State's Atty. for Baltimore City, Baltimore, on the brief), for appellee.

Submitted before WILNER, ALPERT, and KARWACKI, JJ.

WILNER, Judge.

The law is clear that in order to justify revoking a probation for failure of the probationer to comply with the conditions of the probation, the State must show at least (1) that the violation occurred, and (2) that it occurred after the probation was imposed, *i.e.*, during a period when the probationer was lawfully subject to the condition. *See Matthews v. State*, 304 Md. 281, 498 A.2d 655 (S.T.1985); *Berry v. State*, 287 Md. 491, 413 A.2d 557 (1981). There is hardly anything new or startling about that proposition.

Where the basis of an alleged violation is a subsequent criminal act—a failure to "obey all laws" or to refrain from the illegal possession or use of drugs or other contraband—it should normally be a simple matter for the State to prove the date of the violation, especially when the probationer has been arrested for and convicted of the subsequent offense. There are police reports, charging documents, witnesses—all manner of evidence sufficient to establish when the violation occurred. Because the State failed to produce this readily available evidence in this case, we find it necessary to reverse the judgment of the Circuit Court for Baltimore City revoking appellant's probation and directing execution of a six-month term of incarceration.

On April 16, 1984, appellant was convicted of theft; the court found that she had fraudulently signed and cashed social service checks payable to her dead father. On May 29, 1984, the court imposed a sentence of one year but suspended execution in favor of three years probation, two conditions of which were that she "obey all laws" and "not illegally possess, use, or sell any narcotic drug, 'controlled dangerous substance' or related paraphernalia...."

The record shows that on June 6, 1984—eight days after having been placed on probation—appellant was arrested and charged with three violations of the controlled dangerous substance laws. On January 10, 1985, as part of a plea bargain, the State nol prossed two of those charges and appellant pled guilty to one—possession with intent to distribute marijuana. For that offense, she again received a prison sentence which was suspended in favor of probation.

Following, and as a result of, that conviction, the State moved to revoke the first probation, alleging a violation of the two conditions above noted. The "Notice of Violation of Probation," which served as the basis for a warrant, alleged in connection with the failure to "obey all laws" that appellant was "arrested on 6/6/84 and convicted on 1/18/85 in B.C.C.C." As to the other condition, the notice alleged simply that appellant "was charged and convicted of possession of Marijuana, Narcotic conspiracy." Nothing was said in the notice as to when the offense was committed.[1]

A hearing on the State's petition was held on March 11, 1985. Two items of evidence were presented—the testimony of appellant's probation agent and a copy of the Circuit Court's docket entries in the subsequent case. The first docket entry is dated June 7, 1984, and deals with a $5,000 bail bond being secured in District Court. The next entry is dated July 18, 1984; it shows that appellant, on that day, was charged by criminal information. Nowhere do the docket entries show the date of the offense. The probation agent testified that appellant was arrested on June 6 for "Narcotic conspiracy, possession of marijuana [and] nuisance" and that she was convicted on January 10, 1985 of

---

1. Attached to the Notice, as it appears in the court file, is a Division of Parole and Probation Supervision Summary, which, under the heading "Specification of Conditions Violated" essentially repeats what is contained in the Notice. Under the heading "Reason for Report" is the statement, "The main purpose of this report is to request a summons. As mentioned Ms. Cornish has now been convicted of a new drug related offense with [*sic*] occurred on 6/6/84." The Supervision Summary was never placed into evidence.

possession of marijuana, but he also gave no indication of when the offense occurred. Appellant elected not to testify.

Apparently assuming that the offense occurred on the date of arrest, the court found appellant "guilty beyond a reasonable doubt and to a moral certainty," stating that "within the week of probation, you got yourself involved again, and [were] convicted of a later offense." From the judgment entered, appellant has brought this appeal, complaining that "it is impossible to say on the record before the trial court whether the marijuana possession and consequential violation of law occurred at a time when Appellant was on probation." The State concedes the lack of any direct evidence establishing the date of the violation, but argues that the court could "infer" that appellant was arrested on the date of the offense and that appellant "had an opportunity to testify and establish that she had not yet been placed on probation when the offense occurred."

We are unpersuaded by the State's response. Although the State need not establish the alleged violation beyond a reasonable doubt, the burden is upon it to show with at least "reasonable certainty" that the condition was violated at a time when appellant was subject to it. *See Herold v. State*, 52 Md.App. 295, 302, 449 A.2d 429 (1982). The probationer has no obligation to prove a negative—to establish that something the State fails to allege didn't occur. At least one of the charges made against appellant was conspiracy, which is not a simple crime. On this record, we see no basis for an inference that the offense occurred on the date of arrest, or at a time after May 29, 1984. It may well be that the arrest was, in fact, contemporaneous with the commission of the offense, but there is no evidence in this record to show it.

JUDGMENT REVERSED; MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS.