523 A.2d 1015

**Ronald Melvin SODEN**

v.

**STATE of Maryland.**

**No. 989, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

April 13, 1987.

Laurie Mikva, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

John S. Bainbridge, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty., and Steven Kroll Asst. State's Atty., for Baltimore County, on the brief, Towson), for appellee.

Submitted before WILNER, GARRITY and ROBERT M. BELL, JJ.

GARRITY, Judge.

In *Cornish v. State*, 65 Md. App. 213, 214, 500 A.2d 295 (1985), Judge Wilner observed for this court:

Where the basis of an alleged [probation] violation is a subsequent criminal act—a failure to "obey all laws" or to refrain from the illegal possession or use of drugs or other contraband—it should normally be a simple matter for the State to prove the date of the violation, especially when the probationer has been arrested for and convicted of the subsequent offense. There are police reports, charging documents, witnesses—all manner of evidence sufficient to establish when the violation occurred. Because the State failed to produce this readily available evidence in this case, we find it necessary to reverse the judgment of the Circuit Court for Baltimore City revok-

ing appellant's probation and directing execution of a six-month term of incarceration.

The appellant in *Cornish* was arrested and charged with three violations of the controlled dangerous substance laws, including conspiracy, just eight days after having been placed on probation. We concluded that the evidence was insufficient to show that the offenses were committed during the probationary period.

In *Nelson v. State*, 66 Md.App. 304, 503 A.2d 1357 (1986), the appellant was arrested some three and a half years after being placed on probation and later convicted for that subsequent offense. As in *Cornish*, no evidence was presented to show when the offense was committed. We concluded, however, that the lapse of time between the imposition of probation and the arrest was sufficient to permit the inference that the offense was committed during the probationary period.

The instant appeal presents the same question addressed in *Cornish* and *Nelson*.

On May 27, 1985, Ronald Melvin Soden, the appellant, was sentenced by the Circuit Court for Baltimore County to the jurisdiction of the Division of Correction for a period of five years for the crime of housebreaking. Execution of all but eighteen months of that sentence was suspended, with a three-and-a-half-year term of probation to be served upon release. On August 23, 1985, the appellant was released on parole.[1]

On December 17, 1985, the Division of Parole and Probation filed a Supervision Summary entitled "SPECIAL REPORT—INFORMATIVE—NEW ARREST." The Comments and Recommendations portion of that report said:

---

1. Sentence period accounted from date of arrest, February 23, 1985.

4

ARREST DATE: 12/3/85     PLACE: Baltimore City
                                            Western District

CHARGES: Breaking and Entering, and Stolen Auto

COURT DATE: To Be Determined

COURT LOCATION: Western District DATE AGENT
                                            NOTIFIED: 12/4/85

OFFENSE REPORT ATTACHED: No

ACTION REQUESTED: None, pending adjudication and further report.

On April 10, 1986, the Division of Parole and Probation filed another Supervision Summary entitled "SPECIAL REPORT—REQUEST FOR BENCH WARRANT." The History of Supervision portion of the report said, in part:

Numerous break-ins were reported in the apartment complex where he lived with his mother. Garrison Police Station has a Credit Card Misuse (stolen credit card) charge against this subject. There is an outstanding warrant against this subject # Baltimore County— 620845C–1 for the above charge.[2] The subject, as of 3/6/86 is in the Maryland Correctional Institute—Jessup, Maryland as a result of Judge Angeletti's sentence.

On 1/31/86, this subject appeared before Judge Angeletti, in the Baltimore City Criminal Court under indictment # 48600830,31 charged with and found guilty of 1) Theft over $500.00, and 2) Possession of CDS (Marijuana).

The report also included:

SPECIFICATION OF CONDITIONS VIOLATED

It now appears that the subject has violated the following conditions of his probation:

RULE # 2: By reason of the fact that the subject did not obtain employment after being so advised to do so numerous times.

RULE # 4: By reason of the fact that the subject was arrested on 12/3/85 and found guilty as charged on 1/31/86 for 1) Theft over $500.00, and 2) Possession of CDS.

---

**2.** The record does not reflect when the break-ins were committed or when the credit card was stolen or misused.

RULE # 8: By reason of the fact that the subject was charged with and found guilty of being in possession of CDS.

RULE # 9: By reason of the fact that he has failed to pay restitution as ordered by the court.

On June 17, 1986, the Division of Parole and Probation filed yet another Supervision Summary entitled "SPECIAL REPORT—ADDENDUM TO STATEMENT OF CHARGES." That report said, in pertinent part:

HISTORY OF SUPERVISION:

On 6/3/86 under District Court Case # 620845C–1 the subject of this report appeared before Judge Pytash in the Baltimore County District Court, charged with and found guilty of Credit Card Offense.

He was sentenced to 12 months Baltimore County Detention Center, with all but 3 months suspended, time to start from 5/5/86.

On 6/5/86 the subject of this report had a Parole Violation Hearing. He was found guilty and his parole was revoked. He was given credit for 4 additional months.

\* \* \* \* \* \*

SPECIFICATION OF CONDITIONS ALLEGEDLY VIOLATED:

It now appears that the subject has violated the following additional conditions of his probation.

RULE # 4: By reason of the fact that on 6/3/86 the subject appeared before Judge Pytash in the Baltimore County District Court, charged with and found guilty of Credit Card Offense.

He was sentenced to 12 months Baltimore County Detention Center, with all but 3 months suspended.

A hearing was held in the Circuit Court for Baltimore County on the charges on July 7, 1986. The appellant's probation agent testified for the State. Certified copies of certain portions of two court records were admitted into evidence. A copy of docket entries from the Circuit Court for Baltimore City showed that the appellant was convicted

of theft and of possession of marijuana on January 31, 1986. Those same docket entries also showed that the case had been transferred from the District Court on December 3, 1985. That document also showed an initial appearance by the appellant on May 5, 1986, as to the credit card offense. Neither of the court records showed the dates of the offenses or even of the arrests.

The State elicited testimony from the probation agent that he had examined the court records in the two cases, including the charging documents which showed the dates on which the offenses were committed. Defense counsel objected to the admission of hearsay testimony concerning those dates, citing *Fuller v. State*, 64 Md.App. 339, 495 A.2d 366 (1985). The objection was sustained.[3] Consequently, no direct evidence was presented to show when the offenses were committed.

The court made no findings concerning the alleged violation of rules other than Rule # 4 (obey all laws).[4] The

---

**3.** Although the correctness of the trial court's ruling regarding hearsay was not placed in issue on appeal, it deserves our comment. In *Fuller, supra,* 64 Md.App. at 352, 495 A.2d 366, we held "that in probation revocation proceedings due process minimally requires that when *criminal conduct for which,* as here, *a probationer has not been tried,* is alleged as the basis for the probation revocation, hearsay evidence to prove the violation is inadmissible unless the witnesses to such conduct are unavailable or the evidence is otherwise shown to be reliable." Our holding implies that a different rule may apply when criminal conduct for which a probationer has been tried (and convicted) is alleged as the basis for the probation revocation. *See also Cornish, supra,* 65 Md.App. at 215, n. 1, 500 A.2d 295. The Court of Appeals did not address the question in its review of our judgment in *State v. Fuller,* 308 Md. 547, 520 A.2d 1315 (1987).

**4.** One of the requirements of due process for probation revocation hearings is a written statement by the fact-finder as to the evidence relied on and reasons for revoking probation. *Smith v. State,* 306 Md. 1, 11, 506 A.2d 1165 (1986). That requirement may be satisfied by the trial judge dictating the reasons for revoking probation, on the record, to the court reporter or other authorized medium of court reporting. *Id.,* n. 3. Although the trial judge in the instant case did not prepare or dictate such a statement, we construe his colloquy with counsel and comments at the time of sentencing to satisfy the substance of that requirement. We believe, however, it is a better practice to prepare

court concluded that the appellant had failed to "obey all laws" by committing crimes during the probationary period. Rather than allow the probation officer to testify as to the date of commission of the offenses of which the appellant *had been convicted*, however, the court attempted to extrapolate the date of commission by inference. The court reached the conclusion that the crimes were committed during the probationary period by inferring that the appellant was arrested on or near the first dates reflected in the docket entries and that the crimes had been committed on or near the dates on which the appellant had been arrested. The court further indicated that "in view of the speedy trial requirements today," an inference could be reached that the offenses were post probationary.

Because of the trial court's curtailment of the State's presentation of evidence as to when the appellant had committed the offenses for which he had been convicted, the court could only infer whether the offenses were committed while on probation.

The record shows that in connection with his arrest and conviction in Baltimore County on a charge of housebreaking, the appellant was incarcerated from February 23, 1985, until he was released on parole on August 23, 1985, at which time his probationary period commenced. Although the first report submitted by the probation officer indicated that the appellant had been arrested in Baltimore City on December 3, 1985, for "breaking and entering, and stolen auto," the docket entries reflect that on January 31, 1986, the appellant pled guilty and was convicted of "theft over $500.00 and possession of CDS (marijuana)." We believe

---

or dictate a statement specifically addressed to those purposes, since such a statement "helps to insure accurate fact finding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Id.* (quoting *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)).

that, because of the nature of the charges—auto theft and possession of marijuana—a fair inference could be drawn that the date of commission, if not close in time to December 3, 1985, was at least after his release from prison in August, 1985. The court could reasonably infer that these possessory offenses were not committed while appellant was incarcerated or indeed prior to his incarceration in February, 1985. *A fortiori,* they would have been committed following his release from prison and thus during the period of probation.

The record further reflects that on May 5, 1986, a charge of credit card misuse was lodged against the appellant. On June 3, 1986, the appellant was found guilty of this violation. It is clear from the probation reports that the appellant had been incarcerated continuously from the time of his re-arrest on December 3, 1985, through and beyond the date of the probation violation hearing on July 7, 1986. Consequently, we believe that the trial judge could draw a fair inference that the credit card offense had been committed sometime between the commencement of probation (August 23, 1985) and the commencement of the second period of imprisonment (December 3, 1985). Otherwise, the credit card offense would have to have been committed prior to the appellant's initial arrest on February 23, 1985, which was highly unlikely.

For these reasons, we hold that the evidence was sufficient to allow the trial court to determine the appellant had violated his probation.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.