533 A.2d 1309

Larry **JONES**

v.

**STATE of Maryland**

**No. 264, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Dec. 3, 1987.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kurt L. Schmoke, State's Attorney, for Baltimore City, and Robert Gilbert, Asst. State's Attorney, for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before WEANT, ALPERT and WENNER, JJ.

ALPERT, Judge.

In March of 1985, Larry Jones, the appellant, pled guilty in the Circuit Court for Baltimore City (Johnson, J., presiding) to robbery with a deadly weapon and daytime housebreaking. The court imposed concurrent sentences of eight years for the robbery and five years for the housebreaking. Execution of the sentences was suspended in favor of a five-year term of probation. The conditions of probation required the appellant to obey all laws, notify his probation agent at once if arrested, and pay restitution. No appeal was taken from that judgment.

In January of 1986, the Division of Parole and Probation filed a Request for Warrant alleging that the appellant had violated the conditions of his probation by being arrested for and convicted of committing certain crimes during the

probationary period, by failing to notify his probation agent of the arrests, and by failing to pay the restitution.

A hearing was held on March 3, 1987. At that hearing, the appellant admitted [1] that he had violated the probationary conditions, as charged. His attorney asked him: "Is your plea to the charges guilty or not guilty?" Appellant responded: "Guilty of violating." The prosecutor presented the following factual basis for the charges:

The State alleges Mr. Jones violated three rules of probation. They are as follows:

Rule 4, obey all laws. On August 19, 1985 Mr. Jones was arrested and charged with rogue and vagabond, resisting arrest and two counts of battery. On September 20, 1985 Mr. Jones was found guilty of one count of battery, found not guilty on the other charges. The offense in that situation took place during the time in which Mr. Jones was on probation to the Court.

On September 20, 1985 Mr. Jones was arrested and charged with attempted burglary and malicious destruction. Those charges were subsequently nol prossed.

On October 1, 1985 Mr. Jones was arrested and charged with breaking and entering and malicious destruction. On October 29, 1985 Mr. Jones was found guilty of both charges and sentenced to four months to the Division of Correction and it says here eight months' probation. That offense also took place during the time in which Mr. Jones was on probation to this Court.

Rule Number 5. Mr. Jones failed to notify his probation agent for any of the arrests.

---

1. The Court of Appeals in *Maus v. State,* 311 Md. 85, 532 A.2d 1066 (1987), effectively held that in a probation violation proceeding a "guilty plea was no more than an admission of violation." Judge Adkins, speaking for the court, said:

Rule 4–346(c) explicitly states that "[t]he provisions of Rule 4–242 [dealing with pleas in criminal cases] do not apply to an admission of violation of conditions of probation." It is, of course, just such an admission that we have before us.

Rule 9. He was obligated to pay through the Division of Parole and Probation the sum of $776.00. He failed to pay any fines and costs.

The appellant made no additions or corrections. The court found that the appellant violated the conditions of his probation, revoked the probation, and reimposed the original sentences. This appeal was taken from that judgment.[2]

■ The appellant contends that the trial court erred in failing to specify the evidence relied on and the reasons for revoking probation. He relies upon *Smith v. State,* 306 Md. 1, 506 A.2d 1165 (1986).

As we observed in *Soden v. State,* 71 Md.App. 1, 6–7 n. 4, 523 A.2d 1015 (1987):

> One of the requirements of due process for probation revocation hearings is a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Smith v. State,* 306 Md. 1, 11, 506 A.2d 1165 (1986). That requirement may be satisfied by the trial judge dictating the reasons for revoking probation, on the record, to the court reporter or other authorized medium of court reporting. *Id.,* n. 3.
>
> \*    \*    \*    \*    \*    \*
>
> [S]uch a statement "helps to insure accurate fact finding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Id.* (quoting *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)).

The appellant's reliance on *Smith* is misplaced. There, the evidence as to certain alleged violations was in conflict and the ultimate decision failed to disclose not only what conditions of probation Smith had been found to have violated, but also on what evidence such findings had been made. Here, the evidence was uncontradicted. The appellant ad-

---

**2.** The State's motion to dismiss the appeal is denied. *See Maus v. State, supra,* n. 1.

mitted that he violated the conditions as charged. He made no additions or corrections to the factual basis presented by the prosecutor.

▇ The "due process" purposes of requiring the court to state "the evidence relied on and the reasons for revoking the probation" are to inform the probationer of the basis for revoking his probation and to enable a reviewing court "to determine if the decision rests on permissible grounds supported by the evidence." *Smith,* 306 Md. at 11, 506 A.2d 1165. Where, as here, the probationer admits that he violated specified conditions of his probation, the due process purposes are satisfied by a finding that the admission is supported by a factual basis. It is not necessary for the court to repeat or summarize the factual basis presented by the prosecutor or announce findings of fact in order to inform the probationer of the reasons his probation was revoked or to enable a reviewing court to determine if revocation was based on proper grounds supported by adequate evidence.

We perceive no denial of due process; therefore, we shall affirm the judgment.

MOTION TO DISMISS APPEAL DENIED.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.