537 A.2d 279

Joseph W. MILLER

v.

STATE of Maryland.

No. 779, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Feb. 16, 1988.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County, and Charles Day, Asst. State's Atty.

for Montgomery County, on the brief), Rockville, for appellee.

Submitted before WILNER, GARRITY, and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

This appeal requires us to decide whether a probationer's admission is sufficient to sustain the hearing court's finding of violation of probation and reimposition of that portion of the sentence that had previously been suspended. We hold, on the facts of this case, that it is.

On October 14, 1985, Joseph W. Miller, appellant, was convicted in the Circuit Court for Montgomery County of daytime housebreaking. He was sentenced to a term of six-and-a-half years imprisonment. All but 15 months of that sentence were suspended and appellant was placed on five years probation. Two of the conditions of probation were:

Condition 4: Obey all laws.

Condition 5: Notify his probation agent at once if arrested.

On October 10, 1986, alleging that appellant had violated these conditions, appellant's probation agent requested the court to revoke the probation.

At the revocation hearing held on May 12, 1987, appellant's counsel, in appellant's presence, addressed the court as follows:

We are before the Court, Your Honor, on a petition to violate probation filed October 8th by Mrs. Argo Nulls of the Division, and a supplement filed November 17th. Your Honor, the sum, really, of the violation petition alleges a failure to obey all laws and a failure to notify the probation agent if arrested. We would be admitting the failure to notify the probation officer of a new arrest and we would be admitting the violations which resulted in two circuit court cases, Numbers 43807 and 43803 in the Circuit Court for Montgomery County, for which a

plea memorandum has been filed, and it is Mr. Miller's wish, and he has so instructed me, that we would prefer to go forward to disposition this morning.

The court did not make any inquiry of appellant until after it had heard from both the State and appellant's counsel on disposition. At that time, appellant responded "No" to the court's question whether he had anything to add. The court found appellant to be in violation of his probation and reimposed the suspended, and unserved portion, of appellant's sentence.

Appellant presents three reasons why we should reverse the lower court's order:

1. The admission of guilt was not shown to have been entered freely and voluntarily.

2. The evidence failed to show that appellant violated his probation.

3. The trial judge erred by failing to specify his reason for revoking the probation.

1

In *Howlett v. State*, 295 Md. 419, 456 A.2d 375 (1983), on which both appellant and the State rely, the probationer appeared at a revocation hearing with counsel, who, in response to the court's inquiry, stated that the probationer admitted the violation. After the State, in setting forth the facts upon which it relied, stated that the probationer had been convicted of conspiracy and receiving stolen goods, the court inquired whether the probationer admitted those convictions. The court did not accept her attorney's affirmative response; the court put the question directly to the probationer, who then specifically and personally admitted the convictions. Thereafter the court accepted probationer's admission and found her in violation of the terms of her probation.

The court affirmed the hearing court's judgment. After rejecting the probationer's contention that her admission was equivalent to a guilty plea, 295 Md. at 423, 456 A.2d

375, the court addressed the probationer's due process argument and found it to be without merit. It explained:

> Nothing in *Gagnon [v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ], or in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), involving parole revocation hearings, requires that any particular litany be followed to determine whether a probationer or parolee understands and acts voluntarily and knowingly during the course of revocation proceedings. All that the record is required to disclose in probation revocation hearings is that the charge was explained to the probationer in understandable terms and that his responses demonstrated that his actions were knowing and voluntary. That determination can only be made on a case-by-case basis, taking into account all relevant circumstances in their totality as disclosed by the record.... From the colloquy between the court, counsel and Howlett, we think it evident in this very simple case that Howlett understood that she was entitled to contest the charge, that she understood its nature and consequences, and that her admissions were knowing and voluntary. We conclude that due process, to the extent required in probation revocation hearings by *Gagnon,* was not offended in this case.

295 Md. at 427–28, 456 A.2d 375.

Focusing upon the reference, in *Howlett,* to the probationer's "responses" and noting that "[a]ppellant was at no time questioned to ascertain whether he was proceeding with the admission voluntarily", appellant asserts that the record is insufficient to permit the court to determine that appellant knowingly and voluntarily admitted to violating probation. Thus, appellant argues that reversal is mandated.

 *Howlett* does not require the trial judge to elicit responses from a probationer to determine that the probationer's admission is knowing and voluntary. Indeed, that is made clear by the Court's holding that an admission to a probation violation is not the equivalent of a guilty plea, and

that, therefore, the procedures prescribed in Maryland Rule 4–242 are inapplicable. 295 Md. at 423–26, 456 A.2d 375; Maryland Rule 4–346(c); *Maus v. State,* 311 Md. 85, 91, 532 A.2d 1066 (1987). *Howlett* requires only that, viewed in light of all of the relevant circumstances, "... the record discloses that the proceedings were fundamentally fair, that appellant was aware of the charges and proceeded voluntarily". *Nelson v. State,* 66 Md.App. 304, 315, 503 A.2d 1357 (1986). The record in this case meets that test. Appellant was present when his attorney informed the court that appellant was admitting the violations. In that statement, counsel stated the purpose for which they appeared and the conditions which appellant allegedly violated. Moreover, counsel purported to repeat instructions from appellant, that appellant preferred to proceed immediately with disposition. Appellant did not contradict his attorney below and, now on appeal, he does not claim that he did not understand the charges, the consequences of having admitted violations or that he did not, in fact, violate probation. We perceive no error.

### 2, 3

Once appellant admitted violating probation, the State did not state on the record the facts it would have relied upon to prove the violations, as was done in *Howlett,* nor was it asked to do so by the court. Based upon this "omission", appellant makes two arguments which he maintains require reversal of the lower court's judgment. Both proceed on the premise that the record of the revocation proceeding must contain a factual basis for the admission.

■ Appellant first contends that the State failed to establish one of the two requisites for proof of probation violation: that the violation of a condition of probation occurred after probation was imposed and during the period when the probationer was lawfully subject to that condition. In support of this argument, appellant cites *Cornish v. State,* 65 Md.App. 213, 500 A.2d 295 (1985), for its teaching that:

in order to justify revoking a probation for failure of the probationer to comply with the condition of probation, the state must show at least (1) that the violation occurred, and (2) that it occurred after the probation was imposed, i.e., during a period when the probationer was lawfully subject to the condition.

*Id.* at 214, 500 A.2d 295. He reasons, by analogy to Maryland Rule 4–242(c),[1] that when a probationer admits a violation, the State still must present the court with the factual basis for it. Without such basis, appellant asserts, "[I]t is impossible for the appellate court, on review, to evaluate the propriety of the subsequent revocation."

Appellant's second argument, grounded on *Smith v. State*, 306 Md. 1, 506 A.2d 1165 (1986), focuses on the failure of the hearing judge to specify the evidence relied on and the reasons for revoking probation. Pointing out that *Smith* requires such specification, 306 Md. at 11, 506 A.2d 1165; *Soden v. State*, 71 Md.App. 1, 2–3, 523 A.2d 1015 (1987), the purposes of which are " . . . to insure accurate factfinding with respect to any alleged violation and [to provide] an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence," *Smith*, 306 Md. at 11, 506 A.2d 1165, and that neither the court's comments nor the colloquy with counsel, *see Soden*, 71 Md.App. at 2–3, 523 A.2d 1015, reveals the evidence relied on, he asserts that reversal is required.

The State does not directly argue that an admission need not be supported by a factual basis, rather its position is that the colloquy between counsel and the court sufficiently satisfied that requirement. Regarding appellant's first ar-

---

1. (c) Plea of Guilty.—The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty.

gument, the State therefore argues that appellant's counsel's comments, when considered in combination with the prosecutor's characterization of the offenses, which appellant did not dispute, as "subsequent" and "of the burglary character", make clear that appellant's admission was to violations occurring while appellant was on probation. From this premise, the State argues, citing *Jones v. State,* 73 Md.App. 267, 533 A.2d 1309 (1987), that "it was not necessary for the court to repeat the factual basis for the admissions or announce formal findings of fact in order to inform either Appellant or this Court of the basis for the revocation."

None of the cases that has considered the effect of an admission in a probation case has been called upon to decide whether an admission must be supported by a factual basis. In *Howlett,* the issue before the Court was whether the inquiry mandated by Maryland Rule 4–242 was applicable in the case of an admission. Although the Court held that it was not, because an admission and a guilty plea are not equivalents, it nevertheless acknowledged that an admission, like a guilty plea, must be freely and voluntarily made; only the procedure by which that determination is to be made is different. It is interesting that, in that case, a factual basis for the admission was presented by the State. *See* 295 Md. at 421–22, 456 A.2d 375. In *Jones,* the issue before the Court was whether the trial court erred in failing to specify the evidence relied on and the reasons for revoking probation. We held, under the facts there presented, that it did not. We explained:

> The "due process" purposes of requiring the court to state "the evidence relied on and the reasons for revoking the probation" are to inform the probationer of the basis for revoking his probation and to enable a reviewing court to determine if the decision rests on permissible grounds supported by the evidence." *Smith,* 306 Md. at 11 [506 A.2d 1165]. Where, as here, the probationer admits that he violated specified conditions of his probation, the due process purposes are satisfied by a finding

that the admission is supported by a factual basis. It is not necessary for the court to repeat or summarize the factual basis presented by the prosecutor or announce findings of fact in order to inform the probationer of the reasons his probation was revoked or to enable a reviewing court to determine if revocation was based on proper grounds supported by adequate evidence.

73 Md.App. at 271, 533 A.2d 1309. If not explicitly, then implicitly, we recognized the necessity that an admission be supported by a factual basis. Accordingly, we hold that just as the record of a guilty plea proceeding must disclose a factual basis for the guilty plea, so too must the record of a probation violation proceeding disclose the factual basis for the probationer's admission. The latter factual basis, however, need not be of the same quality as that required for a guilty plea.

We are satisfied that the factual predicate in the case *sub judice* is sufficient. Therefore, we hold that the hearing judge did not err in revoking appellant's probation. The basis for concluding that a violation occurred within the probationary period may be inferred, *Soden,* 71 Md.App. at 7, 523 A.2d 1015; *Nelson,* 66 Md.App. at 315, 503 A.2d 1357. Such an inference is a fair one if "all of the relevant circumstances in their totality as disclosed by the record", *Howlett,* 295 Md. at 428, 456 A.2d 375, rationally support it, *See Soden,* 71 Md.App. at 7–8, 523 A.2d 1015; *Nelson,* 66 Md.App. at 315, 503 A.2d 1357, and the court is "reasonably satisfied that a violation of a condition of probation has occurred." *Smith,* 306 Md. at 6–7, 506 A.2d 1165.

 The State accurately points out that, after the admission was tendered, the prosecutor characterized the offenses to which appellant admitted as "subsequent offenses." That characterization was not, and is not now, disputed by appellant. The prosecutor also informed the court that they were of the same type as the one for which appellant was on probation. Concededly, no further details were provided. A fair inference to be drawn from the admission and the prosecutor's comments was that the

offenses occurred subsequent to appellant's placement on probation and that it was their commission that formed the basis for the court's action.[2] *Jones*, 73 Md.App. at 271, 533 A.2d 1309; *Soden*, 7 Md.App. at 6, n. 4, 523 A.2d 1015. Moreover, the court could also infer that appellant's admission with regard to the failure to inform his agent of a new arrest likewise referred to those offenses. Therefore, the court did not err in revoking appellant's probation.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

2. The factual basis disclosed by the record in this case does not overwhelmingly support the admission or provide a basis for review of the court's findings. It is, as we have said before, albeit in a different context, the better practice for the trial judge to take care to ensure that the details of the alleged violations are set out in the record, *with clarity*. This is best done by requiring the State to put in the record the facts on which it intends to rely to prove the violation. When the development of the factual predicate is left to chance, issues concerning its adequacy will inevitably be raised and litigation will be required to resolve them. Just as important, however, probation violation proceedings are serious matters, which ought not be treated lightly. Fundamental fairness demands that the record fully discloses the bases for the proceedings and the reasons supporting the result reached.