**Richard SIMS, Petitioner–Appellant,**

v.

**STATE of Indiana,
Respondent–Appellee.**

No. 67A01–8908–PC–314.

Court of Appeals of Indiana,
First District.

Dec. 27, 1989.

Transfer Denied March 29, 1990.

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Michael G. Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Richard Sims (Sims) appeals the denial of his petition for post-conviction relief. We affirm.

## FACTS

Sims pleaded guilty, via written plea agreement, to Escape,[1] a class D felony, and Driving While License Suspended,[2] a class A misdemeanor. The trial court sentenced him to a four (4) year term suspended to probation. The State later filed to revoke Sims' probation and Sims appeared with counsel in trial court for a bond reduction hearing. During the proceeding, Sims' attorney requested time to speak with Sims. His attorney returned to tell the court that Sims had decided to admit the probation violation. The court then ordered Sims to serve the four (4) year sentence. Sims filed a petition for post-conviction relief, alleging that his trial counsel provided ineffective assistance and that he had not made a knowing, intelligent and voluntary admission to the probation violation. The trial court denied post-conviction relief and this appeal ensued. Further facts will be provided as necessary.

---

1. Indiana Code section 35–44–3–5.

2. Indiana Code section 9–1–4–52.

## ISSUES

1. Whether the post-conviction court erred in finding that Sims' counsel did not provide ineffective assistance at the probation revocation hearing merely because she was a public defender who had contracted with the trial court to provide legal services to indigent defendants.

2. Whether the post-conviction court erred in finding that Sims' counsel did not provide ineffective assistance at his probation revocation hearing by allegedly misleading him into admitting his probation violation.

3. Whether the post-conviction court erred in finding that Sims' guilty plea to a probation violation was knowing, intelligent and voluntary.

## DISCUSSION AND DECISION

### Issue One

■ Sims alleges that the public defender appointed to defend him in the probation revocation proceeding had been hired by the judge of the court in which he was charged. Sims also alleges that the judge set the defender's salary, which was approved by the County Council. Sims argued to the post-conviction court and to this court that his attorney necessarily owed such an allegiance to the court that had hired her that she was inherently incapable of effectively representing him. The post-conviction court found that the presiding judge's appointment of Sims' counsel as public defender did not in and of itself create a conflict of interest reflecting adversely upon the defender's representation of Sims.

We first note that in a proceeding for post-conviction relief, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule·1 § 5. To prevail on appeal from a denial of his petition,

the appellant must satisfy us that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Higgason v. State* (1982), Ind., 435 N.E.2d 558, 559.

In *Wright v. State* (1982), Ind.App., 436 N.E.2d 335, 338 we held that Lake County, Indiana's public defender system did not violate the sixth amendment provision for effective assistance of counsel because Wright had made only a minimal showing of possible prejudice. We stated that absent proof a court explicitly or implicitly exerted pressure on pauper attorneys, we presume that the ethical precepts prescribing judicial neutrality and advocatorial partiality as the norm of legal behavior were followed by the attorneys and judge acting in a particular proceeding. *Id.* at 340. Sims cites *Cuyler v. Sullivan* (1980), 446 U.S. 335, 347–350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333, 347 and *United States v. Franzen* (7th Cir.1982), 687 F.2d 944, 948 for the proposition that a defendant who shows that an actual conflict of interest affected the adequacy of his representation need not prove that prejudice resulted. However, the record here supports the post-conviction court in its ruling that no actual conflict of interest existed. We refuse to find any inherent conflict of interest in the public defender system of Putnam County.[3] Therefore, even assuming, without deciding, that we may no longer require a petitioner to show positive prejudice when alleging a conflict of interest, we cannot hold that the post-conviction court reached a conclusion opposed to the evidence. We uphold the post-conviction court's judgment that Sims' attorney did not provide ineffective assistance by reason of a conflict of interest.

### Issue Two

■ Sims contends that the attorney representing him at the probation revocation

3. We note that Indiana Code section 33–1–7–1 and Indiana Code section 33–1–7–4, respectively, provide for the Supreme Court of Indiana to appoint the Public Defender of the state and to set the Public Defender's salary. If we were to accept Sims' argument that a public defender necessarily has a conflict of interest in representing a defendant in front of the court which appointed the defender, then logically we would have to consider the Public Defender to have an inherent conflict of interest in representing any client in front of the Supreme Court of Indiana. Of course, we make no such holding.

hearing rendered ineffective assistance to him by persuading him to admit to the probation violation. Sims likens his admission to a guilty plea. Our standard for judging the adequacy of counsel's performance is whether counsel provided reasonably effective assistance. As a general rule, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that counsel's performance was deficient and that the defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385, 1386-87. However, the second step of the *Strickland* test is modified when the defendant pleads guilty. In that instance, the defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Burse v. State* (1987), Ind., 515 N.E.2d 1383, 1385-86. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 251.

The post-conviction court heard testimony from Sims that he had appeared for a bond reduction hearing and that while the court was attempting to set a date for a probation revocation hearing, Sims' attorney asked for a moment to speak with Sims. Sims and his mother testified that Sims' attorney told him that he would be placed back on probation if he admitted the probation violation. Sims' attorney testified that Sims admitted to her that he had

violated the terms and conditions of his probation and told her that he wanted to come to court and admit the violation. Sims attorney also testified that both she and the trial judge informed Sims the previously suspended sentence could be reinstated and that neither she, the State, or the trial judge made any promises to Sims. Sims is asking us to reweigh the evidence and judge the credibility of the witnesses. This we may not do. We hold that the post-conviction court did not err in deciding that Sims had not shown that his attorney told him that he would not have to serve his suspended sentence if he were to admit to a probation violation. As Sims failed to prove that his counsel's performance was deficient, we do not reach the question of whether Sims would not have admitted to the probation violation had his counsel performed differently. We, therefore, uphold the post-conviction court's judgment that Sims did not receive ineffective assistance of counsel.

*Issue Three*

■ Sims contends that his admission to violating the terms and conditions of his probation was not a knowing, intelligent and voluntary admission because he believed that the trial court would order his sentence to continue to be suspended and order his probation continued if he were to admit to the violation.[4] Sims contended that he only admitted to the violation because his attorney and an agent of the Substance Abuse program misled him regarding the potential sentencing consequences of admitting to a probation violation. Sims cites *White v. State* (1986), Ind., 497 N.E.2d 893, 905-06 for the proposition

---

4. We do not actually decide whether an admission to a probation violation must be voluntary, knowing and intelligent, but discuss the issue in those terms since both parties have argued in that manner. We note that, even though a person on probation is entitled to certain due process rights, a revocation hearing is a civil action and a defendant at such hearings is not endowed with all the rights he possessed prior to his conviction. *Szymenski v. State* (1986), Ind. App., 500 N.E.2d 213, 215. Federal courts have distinguished guilty pleas and admissions to probation violations and have held that Federal Rules of Criminal Procedure 11 provisions, including the requirement that a guilty plea be

voluntary, knowing and intelligent, and the rights provided by *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 do not apply to probation revocation proceedings. *See, e.g., United States v. Holland* (5th Cir.1988), 850 F.2d 1048; *United States v. Rapert* (8th Cir.1987), 813 F.2d 182; and *United States v. Segal* (9th Cir.1977), 549 F.2d 1293, *cert. denied* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231. *See also State v. Johnston* (1988), 17 Conn.App. 226, 551 A.2d 1264; *Chase v. State* (1987), 309 Md. 224, 522 A.2d 1348; and *Miller v. State* (1988), 74 Md.App. 294, 537 A.2d 279.

that a defendant who can prove he or she was actually misled by a judge, prosecutor or defense counsel presents a colorable claim for relief. We note that *White* requires that a defendant be "actually misled" not that the defendant form a mistaken belief. The post-conviction court considered Sims' contentions and decided that the record did not support Sims' allegation that his attorney or the Substance Abuse Program employee had actually misled him as to the potential consequences of his admission to having violated his probation. We again refuse to reweigh the evidence or judge the credibility of the witnesses who appeared before the post-conviction court. The record supports the post-conviction court's conclusion that Sims' admission was voluntary, knowing and intelligently entered.

We uphold the post-conviction court's finding that Sims did not receive ineffective assistance of counsel and that he did make an admission to having violated his probation which admission was voluntary, knowing and intelligent.

Affirmed.

ROBERTSON and STATON, JJ., concur.