270

608 A.2d 1246

**Raymond Francis REDDICK**

v.

**STATE of Maryland.**

**No. 146, Sept. Term, 1991.**

Court of Appeals of Maryland.

July 20, 1992.

Michael R. Braudes, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

MURPHY, Chief Judge.

This case concerns the legality of a sentencing judge's offer to suspend a part of the term of imprisonment imposed on a defendant in return for payment of the victim's funeral or medical expenses incurred because of the crime.

## I.

Raymond Francis Reddick and Harvey Lee Southall were convicted by a jury in the Circuit Court for Baltimore City of second degree murder and of the unlawful use of a handgun in contravention of Maryland Code (1992) Art. 27, § 36B. The court (Hammerman, J.) sentenced each defendant to thirty years' imprisonment on the murder count and ten years, to be served concurrently, on the handgun count. Under the sentencing guidelines, a sentence of twenty-five years was indicated, but Judge Hammerman departed from the suggested range, citing "the particular degree of violence here" and "the very serious impact that has been left on the family, particularly the son." The court expressed its sympathy for the victim's family, and commented on the financial burdens imposed on the family as a result of the crime. It said that there was $3,000 in medical expenses and a $3,000 funeral bill. In an effort to help the victim's mother shoulder this financial burden, Judge Hammerman said:

> "I am willing to give you the opportunity of bringing the sentence down into the guidelines by helping to relieve

the very serious financial burden ... that has been placed on Mrs. Johnson, the mother of the victim.... I'm anxious to see, if at all possible, that this financial burden be relieved.... If each of you and your families see your way clear and pay your fair share of that financial burden, then I am willing to reduce the sentence by five years and bring it into the guideline range."

Accordingly, the docket entries reflect the judge's offer to Reddick as follows:

"Five years to be suspended from the defendant Mr. Reddick's sentence if he pays $3000 restitution to the victim's mother Rosetta Johnson through Parole and Probation by 2-2-91."

Reddick and Southall appealed to the Court of Special Appeals, which affirmed their convictions in an unreported opinion. We granted certiorari based on a petition filed solely on Reddick's behalf.

## II.

Reddick argues that the trial court erred in offering to reduce his term of incarceration if he made a $3,000 contribution to the victim's expenses. He claims that because he is indigent, the sentence violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights. He contends that the criminal justice system cannot constitutionally distinguish between defendants on the basis of wealth or poverty. It is, he says, unconstitutional to incarcerate an indigent defendant for a term longer than that imposed on a similarly situated nonindigent defendant who would be able to make the requisite monetary payment. Accordingly, Reddick urges us to vacate his sentence, contending that the condition attached to the five-year suspension invalidates the sentence.

The State views the sentence as an unconditional, thirty-year term of incarceration. It argues that the only legal effect of the judge's "offer" was to inform Reddick about

what conduct or developments would persuade him to modify the sentence at a later date, pursuant to his revisory power under Maryland Rule 4–345. Furthermore, the State argues, if the sentence were viewed as a conditional offer to suspend a part of a term of incarceration, it would have been invalid under Art. 27, § 639, which authorizes orders for suspended sentences only in relation to payment of costs, recognizance for appearance, or matters relating to the residence or conduct of the defendant.[1] Because payment of the victim's expenses does not fit into any of these categories, the State argues that the "offer" of a five-year suspended sentence is null and void. It urges that we simply strike the illegal portion of the sentence and permit the thirty-year term of incarceration to stand.

### III.

The State's characterization of Judge Hammerman's sentence is not entirely accurate. The court did not suggest that Reddick file a motion to modify sentence or indicate that his "offer" was simply gratuitous information about what might cause the court to reduce the sentence to twenty-five years. The docket entries make it clear that the court, in effect, offered Reddick the opportunity to "buy" a suspended sentence. While Judge Hammerman was plainly motivated by concern for the finances of the victim's family, that part of the sentence which would be suspended upon payment by Reddick of the expenses was illegal.

In an opinion in which "[d]ue process and equal protection principles converge," *Bearden v. Georgia*, 461 U.S. 660, 665, 103 S.Ct. 2064, 2068, 76 L.Ed.2d 221 (1983), the United States Supreme Court made clear that, having determined that a fine or restitution is an appropriate sentence, a court

---

1. Art. 27, § 639 provides in pertinent part:
   "(a) Suspension of sentence generally; orders and terms; minors.— (1) The courts may suspend sentence generally or for a definite time, and may make such orders and impose such terms as to costs, recognizance for appearance, or matters relating to the residence or conduct of the convicts as may be deemed proper...."

cannot then imprison a defendant solely because of his inability to pay it. The thirty-year sentence that Judge Hammerman imposed subjects Reddick, an indigent, to five years' imprisonment beyond that which a nonindigent defendant would be required to serve. Since imprisonment for a lack of financial resources is illegal, Reddick is entitled to the sentence that a defendant with the financial wherewithal to make the payment would have received under the same circumstances. *Compare Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Turner v. State,* 307 Md. 618, 516 A.2d 579 (1986); *Smith v. State,* 306 Md. 1, 506 A.2d 1165 (1986). Accordingly, Reddick's sentence for murder must be modified by striking out the illegal portion and imposing a twenty-five-year sentence, commencing on January 24, 1990. Reddick's sentence on the handgun count is affirmed as originally imposed.

JUDGMENT OF THE COURT OF SPECIAL APPEALS ON THE CHARGE OF SECOND DEGREE MURDER AFFIRMED, EXCEPT AS TO THE SENTENCE. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR RESENTENCING TO TWENTY-FIVE YEARS' IMPRISONMENT ON THE MURDER COUNT. COSTS TO BE PAID AS FOLLOWS: THE PETITIONER, RAYMOND FRANCIS REDDICK, TO PAY ONE–HALF OF HIS COSTS IN THE COURT OF SPECIAL APPEALS AND THE MAYOR AND CITY COUNCIL TO PAY THE COSTS IN THIS COURT.