434 So.2d 1014 (1983)
David Lee ROSE, a/K/a Danny Kemmis, a/K/a Douglas Bowersox, a/K/a Peter Gerahty, Appellant,
v.
STATE of Florida, Appellee.
No. 82-604.
District Court of Appeal of Florida, Fifth District.
July 21, 1983.
James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant David Lee Rose appeals from an order withholding adjudication of guilt and placing him on probation. Specifically, Rose argues that the trial court's imposition of a probation condition requiring him to make restitution in two cases unrelated to the one on appeal was error and that it served no useful rehabilitative purpose. We disagree and affirm the trial court.
By information # 81-1826, appellant Rose was charged with six counts of forgery, six counts of uttering a forgery, and six counts of depositing a check with the intent to defraud. A second information, # 81-1891, charged Rose with one count of depositing a check with the intent to defraud. Finally, appellant was charged in a third information, # 81-1767, with one count of obtaining property by worthless check.
Appellant entered guilty pleas to the charges in the last two informations and also entered pleas of guilty to Counts III and VI of Information # 81-1826, which charged him with depositing of a check with the intent to defraud, and the State agreed to nol prosse the other sixteen counts.
*1015 In Case # 81-1767, appellant was sentenced to five years in prison. In Case # 81-1891, the court sentenced appellant to thirty (30) months in prison to run consecutively with the sentence in Case # 81-1767. In Case # 81-1826, the case on appeal here, the court sentenced appellant to five years probation on each count, to run consecutively with the other sentences. As a special condition of appellant's probation, he was required to make restitution to the victims of the crimes charged in all three informations. Appellant contends that the trial court's imposition of a probation condition requiring that he make restitution in two other cases unrelated to the one on appeal was error and that it served no useful rehabilitative purpose.
This court has held that conditions of probation are not limited to those having a relationship to the exact crime which resulted in the probation, but are proper if they achieve any of the lawful purposes of probation. M.A.R. v. State, 433 So.2d 29 (Fla. 5th DCA 1983); Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982), pet. for rev. denied, 419 So.2d 1195 (Fla. 1982).
The objective of the court in sentencing is to act on the offender in such a manner that, in the future, the offender will more likely conform his conduct to the minimal societal standards set by criminal statutes, regardless of the particular crime involved. Probation maximizes the probationer's usefulness in society while still vindicating the authority of the law in protecting the public. Grubbs v. State, 373 So.2d 905 (Fla. 1979). Thus, probation conditions which provide the standard of conduct essential to the probationer's rehabilitation and, in addition, serve to protect the public, are invariably reasonably related to the crime committed.
In the case at bar, the subject condition of probation was both reasonably related to the crime charged and clearly had a rehabilitative purpose. All of the convictions involved dealt with bad paper, i.e., worthless checks, forgery, and the depositing of checks with the intent to defraud. The rehabilitative purpose of the condition was clear inasmuch as the court was attempting to prevent appellant from committing similar crimes in the future. As the condition of probation served a useful rehabilitative purpose, Hines v. State, 358 So.2d 183 (Fla. 1978), the trial court did not err in imposing it, even though it was not related to the specific crime charged in the information under which the appellant was placed on probation.
AFFIRMED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.