442 So.2d 1085 (1983)
Lee Roy PURVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2274.
District Court of Appeal of Florida, Second District.
December 21, 1983.
*1086 Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Lee Roy Purvis was charged by information with the second degree murder of his wife with a firearm. He appeals an order rendered pursuant to a plea agreement with the state which adjudicated him guilty of the lesser-included offense of manslaughter and placed him on a five-year term of probation. He challenges only the validity of a condition of probation which requires that he pay the mother of his deceased wife $1500 in restitution as a compromise figure for $3000 which she either loaned or gave to Purvis and his wife for the purchase of furniture. We strike the condition as being improper.
A review of the transcript of the plea hearing reveals that the trial court adjudicated Purvis guilty and imposed the restitution condition at issue because it wanted to foreclose the possibility of his reaping a windfall on a recovery on an insurance claim for his wife's death. When Purvis objected to imposition of this condition, the court offered to allow him to either withdraw his guilty plea or accept the condition. Purvis opted to accept the condition, reserving the right to appeal the imposition of the condition.
Section 948.03(1)(g), Florida Statutes (1981), mandates that restitution as a condition of probation is to be made "to the aggrieved party" for the "loss caused by his [the probationer's] offense." Purvis' mother-in-law cannot be considered an "aggrieved party" within the meaning of subsection (1)(g) with respect to the money for furniture because this money was not expended by the mother-in-law as a result of the fatal shooting of her daughter. Moreover, even assuming that the money from the mother-in-law was a loan, not a gift, Purvis' debt was not "caused by his offense" within the meaning of subsection *1087 (1)(g). See Fresneda v. State, 347 So.2d 1021 (Fla. 1977).
We are aware that section 948.03(3) provides that a court may add a condition of probation which "it considers proper." One might conclude at first glance that the restitution condition in question is within the purview of subsection (3) under the facts of this case. However, a condition of probation must reasonably relate to (1) the offense involved, (2) the rehabilitation of the probationer, or (3) the protection of the public. See, e.g., Bodden v. State, 411 So.2d 1391 (Fla. 1st DCA 1982); Brown v. State, 406 So.2d 1262 (Fla. 4th DCA 1981); Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). Notwithstanding the trial court's well-intended purpose for imposing this condition of restitution, it clearly does not fall within any of these three criteria.
Accordingly, we remand with directions to strike the restitution condition in question. In all other respects we affirm.
AFFIRMED as modified and REMANDED with instructions.
GRIMES and LEHAN, JJ., concur.