502 So.2d 1288 (1987)
Theresa ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2134.
District Court of Appeal of Florida, Second District.
February 18, 1987.
*1289 James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The defendant challenges the restitution condition of her probation. We find merit in the point which she raises and reverse.
In this case the defendant was charged with one count of grand theft and entered a plea of guilty to that charge. At the same time, she pled no contest in a separate case involving two counts of grand theft.
The defendant was sentenced in both cases at the same hearing. In the present case the defendant was placed on five years probation with a special condition that she pay restitution encompassing the damages to all victims in both cases. Thus, she was ordered to pay restitution in the sum of $3,234.11 consisting of $1,400 to the victim in the instant case plus the sums of $1,700 and $134.11 to the two victims in the other unrelated case. This clearly was improper. Restitution which may be ordered by the trial judge pursuant to section 775.089, Florida Statutes (1985), clearly constitutes restitution for the loss sustained by the victim as a result of the offense for which the defendant is being sentenced. There is no causal link between the defendant's criminal activity involved in the instant case and the damages sustained by the victims in the other unrelated case. See Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Barnes v. State, 489 So.2d 1182 (Fla. 2d DCA 1986). We recognize that a contrary result was reached in Rose v. State, 434 So.2d 1014 (Fla. 5th DCA 1983), petition for review denied, 444 So.2d 418 (Fla. 1984). We distinguish the decision in Rose, however, on the ground that the restitution statute has since been significantly changed.
Accordingly, we reverse with directions that the judgment and sentence be amended by reducing the restitution condition of the defendant's probation to $1,400.
Reversed and remanded with directions.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.