510 So.2d 1142 (1987)
Victor Alan HOWREN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-868.
District Court of Appeal of Florida, Second District.
August 7, 1987.
*1143 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
HALL, Acting Chief Judge.
Appellant Victor Howren appeals his sentence for burglary of a dwelling and grand theft. He raises four points in this appeal but we find merit in only two of those points.
At the appellant's jury trial, the appellant's companion testified that he and the appellant broke into the victim's mobile home and stole a Russian pistol, some change, and some marijuana. The officer who arrested the men and interviewed the appellant testified that the appellant explained how they had entered the mobile home and what they had stolen from it. At the conclusion of trial, the jury found the appellant guilty as charged of burglary of a dwelling and grand theft.
The appellant first argues that the written order placing him on community control fails to conform to the trial court's oral pronouncement at sentencing. At the appellant's sentencing hearing, the court announced that "[i]ts the sentence of this Court that ... you be placed on two years' community control. As a term and condition of that community control you will be committed to the sheriff of Lee County, Florida for confinement in the Lee County Jail for a period of 364 days." The written order placing the appellant on community control reads "[i]t is hereby ordered and adjudged that you be confined in the County Jail for a term of Three Hundred & Sixty-Four Days ... that after you have served 364 of said term, you shall be placed in a community control program for a period of two (2) years... ."
A written sentence must not vary from the oral pronouncement of that sentence. Beal v. State, 478 So.2d 401 (Fla. 2d DCA 1985). The written order of community control in this case varies from the oral pronouncement of community control because it directs that the appellant be placed on two years' community control after he has served 364 days in jail, whereas the oral pronouncement directed that the appellant be placed on two years' community control and serve 364 days in jail during those two years. Consequently, we must remand this cause for correction of the *1144 written order to conform to the trial court's oral pronouncement.
The appellant next argues that there is no factual support for the order setting restitution at $1500 and that restitution should be apportioned between him and his companion. At the hearing at which the appellant's presentence investigation report was considered, the appellant's counsel stated that, with regard to the report's recommendation that restitution be set at $1500, there had been no evidence before the court or the jury that that figure represented the value of the stolen pistol. The assistant state attorney pointed out that the victim testified that if he were able to replace the gun, it would cost him $1000.
At the sentencing hearing a few days later, the trial court ordered the appellant to pay restitution but it did not state the amount thereof. It was not until the written order of community control was entered that the appellant was informed that restitution had been set at $1500.
The state argues that the appellant has failed to preserve the issue of restitution for this court's review because he failed to object to the imposition of restitution at the sentencing hearing, thereby waiving his previous objection. We disagree. Because the trial court did not state at the sentencing hearing the amount of restitution it was ordering the appellant to pay, the appellant had no opportunity to voice an objection. Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987). Thus, the issue of restitution is properly before this court. As has been shown, there was no factual support for the amount of restitution imposed. Consequently, we must remand this cause with directions that the trial court hold a hearing to determine the proper amount of restitution the appellant should be ordered to pay.
We do not direct the trial court to apportion restitution between the appellant and his companion because the factual circumstances of this case do not justify it. Section 775.089, Florida Statutes (1985), does not require the trial court to apportion restitution among defendants equally guilty of the crime which resulted in the loss to the victim. Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987).
We do not reach the appellant's arguments regarding the imposition of fines and court costs because the appellant failed to object thereto in the trial court.
Reversed and remanded for proceedings consistent with this opinion.
THREADGILL, J., and UPCHURCH, Associate J., concur.