HALL, Judge.
Antonio Villarreal appeals the order placing him on probation. He contends that the trial court erred in ordering an unspecified amount of restitution as a condition of his probation. We affirm.
At the sentencing hearing the trial court stated that as a special condition of probation the appellant would be required to make restitution to the victims in an amount to be determined at a subsequent hearing. The order of probation indicates that the trial court reserved jurisdiction to determine the amount of restitution at a later date. Counsel for the appellant expressed concern about the propriety of restitution. The trial court gave the appellant an opportunity to withdraw his plea, but the appellant abandoned his objection and accepted the imposition of restitution as a special condition of probation. We note that the appellant did not object to the determination of the amount of restitution at a later date.
Objection must be made at the time restitution is imposed in order to preserve the issue for review. Spivey v. State, 501 So. 2d 698 (Fla. 2d DCA 1987). However, in this appeal the appellant seems to be objecting not to the imposition of restitution but to the failure of the court to determine the amount of restitution at sentencing.
We find no error in the trial court’s action. The dictates of justice and judicial economy mandate that the trial court not be required to determine the amount of restitution at the time of sentencing.
We therefore affirm the order of probation without prejudice to the appellant to appeal the order setting the amount of restitution after the trial court has determined said amount at a hearing.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.