DANIEL, Chief Judge.
Eric Cogdell appeals his judgment and sentence for burglary of a dwelling and dealing in stolen property.
Defendant was adjudicated guilty of burglary and dealing in stolen property in December 1987. He was sentenced to community control for two years. As a condition of community control, defendant was ordered to make restitution but the amount was not specified in the judgment.
In March 1988, the defendant was charged with violating the terms of his community control. He pled guilty, admitting the violations, and was sentenced to thirty months incarceration on the burglary charge to be followed by three years probation on the stolen property charge. As a condition of such probation the defendant was ordered to make restitution in the instant case as well as three other cases listed on the defendant’s probation report. Again, .the amount of restitution was not specified in the judgment.
Cogdell asserts that the trial court erred in requiring him to pay restitution for offenses other than the burglary and dealing in stolen property charges for which he was sentenced. He further asserts error in the trial court ordering him to pay restitution without specifying the amount owed.
This court has held that conditions of probation are not limited to those having a direct relationship to the crime for which the defendant has been placed on probation but are proper if they achieve any of the lawful purposes of probation. Rose v. State, 434 So.2d 1014 (Fla. 5th DCA 1983), rev. denied, 444 So.2d 418 (Fla.1984). See also Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA), rev. denied, 419 So.2d 1195 (Fla.1982).
Our sister court of the second district reached a different conclusion in Anderson v. State, 502 So.2d 1288 (Fla. 2d DCA 1987), holding that the defendant could not be ordered to make restitution to victims in an unrelated case as a condition of probation. The Anderson court, however, in reaching such conclusion distinguished Rose on the ground that the restitution statute, section 775.089, Florida Statutes, had been significantly changed. The statute applicable in Rose provided that the court could order restitution to the aggrieved party for damages and loss caused by the defendant’s offense. The statute at the time of Anderson had been amended to read "the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense.” 775.089(l)(a), Fla.Stat. (1985). If anything, the 1985 statute would appear to expand the trial court’s authority to impose restitution.[1]
While now dealing with an identically worded statute, we recognize the conclusion reached herein may be in conflict with Anderson. Adhering to Rose we find no *258 error in the trial court ordering restitution arising out of cases other than those for which the defendant was being sentenced.
We also find no error in the trial judge's failure to include the specific amount of restitution in the probation order. See Villarreal v. State, 516 So.2d 63 (Fla. 2d DCA 1987), in which the second district stated “The dictates of justice and judicial economy mandate that the trial court not be required to determine the amount of restitution at the time of sentencing.” 516 So.2d at 63. In McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988), the first district court of appeal held similarly but remanded the matter to the trial court for a hearing to set the proper amount of restitution.
It should be noted, of course, that prior to any restitution being paid the trial court will, of necessity, be compelled to conduct a hearing to determine the amount and manner of the restitution payment or payments. Only the trial court may determine such amount. See Bostic v. State, 504 So.2d 794 (Fla. 2d DCA 1987); McDonald v. State, 478 So.2d 113 (Fla. 2d DCA 1985) and Huffman v. State, 472 So.2d 469 (Fla. 1st DCA 1985), rev. denied, 482 So.2d 348 (Fla.1986).
Inasmuch as the defendant has the right to appeal any order setting the amount of restitution growing out of such hearing, the better procedure would be for the trial judge to set the amount of restitution at the sentencing hearing absent a clear reason for not doing so. Where a victim had not fully recovered from injuries received in a battery, for example, the trial court would understandably be reluctant to determine restitution at the sentencing hearing.
Accordingly, the judgment and sentence is affirmed.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.

. It should be also noted that section 948.03(3), Florida Statutes (1981) (now 948.03(4), Florida Statutes (1987)) provided that enumeration of specific kinds of terms and conditions of probation does not prevent the court from adding others it considers proper.