569 A.2d 722

**Henry Junior HAWKINS**

v.

**STATE of Maryland.**

**No. 865, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Feb. 9, 1990.

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson), for appellee.

Submitted before MOYLAN, WILNER and GARRITY, JJ.

WILNER, Judge.

In March, 1989, appellant was convicted in the Circuit Court for Baltimore County of theft. He was sentenced to imprisonment for one year, but execution of that sentence was suspended in favor of three years probation. Among the conditions of the probation were that appellant pay a $100 fine and $167 court costs through the Division of Parole and Probation, that he continue to work toward his GED, and that he report to his probation agent as directed.

In May, 1989, the Division filed a special report and request for warrant, alleging a failure by appellant to comply with any of those conditions. At a hearing held in July, the State presented evidence as to each of the alleged violations. The probation agent, Susan Bauer, testified that appellant failed to report as directed on seven occasions in April and May, that he failed to submit proof of his enrollment in a GED program, and that he was three months in arrears on his $10 per month payments toward the fine and court costs. As to the last of these violations, the agent acknowledged her awareness that appellant was not working—that he supposedly was staying at home to care for his ailing father. Ms. Bauer testified further, however, that she had made a number of visits to the home and had called several times, but never found appellant there.

Appellant claimed that he was in fact working toward his GED by "[r]eading a GED book." He gave no particulars as to this book and did not produce it in court. He claimed that he had no income from which to make the required

payments, and that he missed his appointments because his uncle died. When questioned, he could not recall exactly when his uncle had died—"[s]omewhere in between April, or May, something like that."

At the conclusion of the evidence, the court denied a defense "Motion for Judgment of Acquittal" based on "[n]o proof that he wasn't working toward his GED and no proof of ability to pay." In denying the motion, it stated its belief "that there is sufficient evidence from which I can find that the State has met its necessary burden of proof in this case on the violation of probation." There being no further argument requested, the court found appellant in violation and directed execution of the one year sentence. From that judgment, appellant has brought this appeal, complaining that (1) the evidence was insufficient to revoke his probation and (2) the court erred in failing to specify its reason for revoking the probation.

■ Appellant's protestations to the contrary, the evidence clearly sufficed to show that he failed to report as directed, that he failed to continue satisfactorily with a GED program, and that he failed to make the required payments. The court was not obliged to believe his excuse with respect to his failure to report or his explanation as to the GED. As to his failure to pay, this is not a case where there was no inquiry into his ability, or lack thereof. Appellant was not incarcerated or disabled. His only defense was that he had to stay home to care for his father which, if true, might well excuse the nonpayment. The problem is that there was substantial evidence that he was not, in fact, at home caring for his father, allowing a fair and rational inference that he was not unemployable for that reason. The evidence was sufficient to establish each of the three alleged violations.

■ Appellant's second complaint—that the court failed to specify the violation found or the evidence relied upon— is based on some pronouncements in *Smith v. State*, 306 Md. 1, 506 A.2d 1165 (1986). In *Smith*, the defendant was

charged with a number of violations, some of which the evidence supported and some of which it did not. The court revoked the probation upon a general finding that "certain rules have been violated by you." It never specified which ones. The Court of Appeals found that insufficient, holding, at 12, "we think it is necessary that the trial judge make specific findings as to those properly charged violations upon which he based his decision to revoke [the] probation."

This case is not like *Smith*. On this record, there is no doubt that the court found all three conditions to have been violated, and, as we said, the evidence sufficed to establish all three violations. Appellant was fully apprised of the basis for the revocation.

Having said that, we call to the attention of the Bar and the Bench the recent adoption by the Court of Appeals of new Md.Rule 4–347, setting forth a more comprehensive set of procedures governing probation revocation proceedings. The rule took effect January 1, 1990, and provides, in relevant part, that "[i]f the defendant is found to be in violation of any condition of probation, the court shall ... specify the condition violated." We urge those conducting or participating in such proceedings to read that rule carefully.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.