565 So.2d 849 (1990)
Anthony WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2597.
District Court of Appeal of Florida, First District.
August 9, 1990.
*850 Cheryl L. Gentry, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
This is an appeal of three contemporaneous sentencing orders imposed for unrelated convictions on charges of (1) violation of probation upon an earlier fraud conviction, (2) possession of cocaine, and (3) grand theft, as follows:
1) Case No. 85-3251: admitted violation of probation on 1986 unemployment compensation fraud conviction under section 443.071, Florida Statutes (three years probation and $700 restitution had been imposed, $600 unpaid). Present order imposed five years incarceration and reimposed original conditions in Case No. 88-3346, all costs to be reimposed in companion cases.
2) Case No. 88-3346: nolo plea to possession of cocaine, section 893.13, Florida Statutes, sentenced to six months' incarceration, consecutive to Case No. 88-3251, plus two years probation. Oral statements "not imposing restitution on this," but order reserves jurisdiction and imposes $200 costs.
3) Case No. 88-5368: nolo plea to grand theft under section 812.014, Florida Statutes (restitution mandatory per statute). Sentencing order for two years probation and costs, reserving "[j]urisdiction to enter Rest. Amount  $600.00 to increase or decrease amount."
Appellant asserts only two errors on appeal: 1) lack of notice as to imposition of both costs and restitution, and 2) illegality of including in restitution for the grand theft charge the amount of restitution remaining unpaid in the fraud case on which probation had been violated. We reverse as to (1) and affirm as to (2) with certified questions under Fla.R.App.P. 9.030(a)(2)(A)(v).
Because it is clear from the record on appeal that appellant did not receive the requisite notice and opportunity to object to the imposition of court costs, the sentencing orders must be remanded for compliance with due process requirements *851 as to costs imposed by the orders appealed in this case. Gaskin v. State, 513 So.2d 1087 (Fla. 1st DCA 1987). However, the defendant was not entitled to advance notice before the court imposed restitution under section 775.089. Although a trial court must follow the requirements under section 775.089(6) to consider the financial resources of the defendant before imposing restitution, Gaskin, supra at 1088, the failure in this case to assert the right to such proceedings under section 775.089(6) at the sentencing hearing constituted a waiver of the defendant's right to appeal the trial court's failure to determine his ability to pay. Morgan v. State, 491 So.2d 326 (Fla. 1st DCA 1986).
As to the second restitution issue, supra, we consider only the orders entered as to the first and third offenses listed above, related to fraud and theft, since the order with respect to the possession charge merely reserves as to restitution, thereby rendering such an issue premature in that case.
The state recognizes the relatedness test for restitution explained in State v. Williams, 520 So.2d 276 (Fla. 1988), and Denson v. State, 556 So.2d 823 (Fla. 1st DCA 1990), but argues that the condition attached to the probation herein on the theft charge (for payment of the sum unpaid under the fraud restitution order) should be evaluated simply as a probation condition which serves a proper purpose in demonstrating rehabilitation from the earlier offense involving another variety of theft. Cogdell v. State, 547 So.2d 256 (Fla. 5th DCA 1989). The state notes that appellant has received terms of imprisonment totaling only 5 1/2 years for three separate third degree felonies, plus concurrent probation sentences of two years each. Appellant could have been sentenced to three 5 year sentences running consecutively for a total of 15 years. No sentence which he received exceeds the statutory maximum. Although the violation of probation sentence imposes the maximum five year incarceration, it does not aggregate any probationary period but simply reimposes the former nondurational conditions for payment of restitution and costs. Appellant failed to object to the special conditions of probation which were imposed against him at the sentencing hearing.
Even if he did not waive his right to appeal this issue (cf. Williams v. State, 505 So.2d 478 (Fla. 2d DCA 1987)), appellant still fails on the merits, by the state's argument. There is a two-prong test for determining the validity of a condition of probation: 1) the damage or loss must be causally related to the offense for which it is imposed, and 2) there must be a significant relationship between the loss and the crime proven. The ultimate issue here is whether payment of overdue restitution for the earlier fraud offense is reasonably related to the current offense of grand theft. Because appellant quit making payments of restitution in the unemployment compensation fraud case and thereby showed he had not rehabilitated himself as to thievery, the trial judge reasonably concluded that the imposition in the grand theft case of a condition for payment of unpaid restitution in the fraud case was necessary for appellant's rehabilitation and protection of the public against future theft. By this analysis a probation condition which is proper under section 948.03(8) would not necessarily be precluded by the causal or significant relationship test in section 775.089(1)(a) for an independent restitution condition.
Although the state's argument is sufficiently persuasive that we conclude for affirmance on these issues, we certify the following as questions of great public importance pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v):
1) DOES SECTION 775.089, FLORIDA STATUTES, PERMIT REIMPOSITION OF UNPAID RESTITUTION SUMS UPON VIOLATION OF PROBATION, WHEN THE STATUTORY MAXIMUM PERIOD OF INCARCERATION IS IMPOSED WITHOUT ANY NEW PROBATIONARY PERIOD?
2) MAY A PROBATION ORDER FOR GRAND THEFT INCLUDE AS A CONDITION THE PAYMENT OF DELINQUENT RESTITUTION IMPOSED FOR *852 A PRIOR UNRELATED THEFT OFFENSE?
Reversed in part and affirmed in part and remanded for rehearing as to costs.
MINER, J., concurs.
ERVIN, J., concurs & dissents with written opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority's decision that the sentencing orders must be reversed and remanded for compliance with due process requirements as to the imposition of court costs. I also agree that appellant waived his right to appeal the trial court's failure to determine his ability to pay restitution, because he failed to assert his rights under Section 775.089(6), Florida Statutes (1987).[1] I cannot agree, however, with the majority's resolution of appellant's second issue relating to the imposition of restitution for the unemployment compensation fraud conviction as a special condition of the probationary sentence imposed in connection with appellant's unrelated grand theft conviction.
Regarding the majority's initial reason for rejecting appellant's second issue  waiver  I recognize that this court is precluded from reviewing a condition of probation to which the defendant did not object below. Young v. State, 438 So.2d 998, 1000 (Fla. 2d DCA 1983). Nevertheless, if the record shows that the trial court lacked jurisdiction to impose probation or if fundamental error occurred, we are allowed to address the merits of such an issue for the first time on appeal. Id. In my judgment, as explained infra, the court's imposition of restitution as part of a sentence for an unrelated offense was fundamental error.
Section 775.089(1)(a), Florida Statutes (1987), provides as follows:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.
(Emphasis added.)
In the instant case, the restitution ordered in the grand theft case requires appellant to pay damages resulting not from that crime, which occurred in 1988; rather, it requires appellant to pay damages flowing from the unemployment compensation fraud, which occurred in 1985. As such, the condition of probation directing the payment of restitution in the unrelated case does not comport with due process and amounts to fundamental error allowing this court to strike that portion of the restitution order even in the absence of an objection. Williams v. State, 505 So.2d 478, 482 (Fla. 2d DCA 1987), approved, 520 So.2d 276 (Fla. 1988); Anderson v. State, 502 So.2d 1288 (Fla. 2d DCA 1987). Nevertheless, I recognize that other jurisdictions would reach a different result  see Cogdell v. State, 547 So.2d 256 (Fla. 5th DCA 1989)  and would certify conflict accordingly.
NOTES
[1] I would like to make it clear, however, that our ruling does not preclude appellant, in a subsequent enforcement proceeding, from defending on the basis of his financial inability to pay the ordered restitution. Morgan v. State, 491 So.2d 326, 327 (Fla. 1st DCA 1986).