571 So.2d 571 (1990)
Timothy Patrick GREEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-344.
District Court of Appeal of Florida, Third District.
December 26, 1990.
*572 Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
BARKDULL, Judge.
The defendant Timothy Patrick Green appeals his conviction and sentence from guilty verdicts of robbery with a weapon, the lesser included offense of attempted second degree murder with a weapon and third degree grand theft.
The defendant, Green, was charged in a three count information with armed robbery, attempted first degree murder during a robbery and third degree grand theft. At trial Green's theory of defense was that he seemed to go into a frenzy when the victim tried to force him to have sex and he used more force than necessary. The defendant did not testify at trial and he never at any time denied stabbing the victim. At the end of the State's case, the defense unsuccessfully moved for a judgment of acquittal on the grounds that the facts showed an aggravated battery, not premeditated murder, and that the taking was not the result of the stabbing.
The jury found the defendant guilty of attempted second degree murder with a weapon, armed robbery and third degree grand theft. At the sentencing hearing the State asked the trial court to depart from the guidelines based on the excessive force used in the crime, the extent of the victim's injury and the defendant's escalating pattern of crimes. The defense argued that none of the reasons given justified departure nor were they "legal reasons to deviate". The trial court adopted the reasons *573 presented and both orally and in writing added the victim's vulnerability as a fifth reason. It was the court's belief that any one of the five reasons was sufficient in and of itself to support departure. As a consequence of the brutality of the attack, the extent of the injuries sustained and the fact that the victim was left locked in the apartment, the trial court departed from the recommended guidelines range of 17 to 22 years and went two cells upwards, sentencing Green to 30 years in prison. Additionally, the trial court ordered the defendant to pay the victim $40,000 as restitution. The defense objected on the grounds that no medical bills were presented and that the court had not inquired into the defendant's ability to pay. This appeal follows.
The State agrees that the trial court may not order restitution without first considering the defendant's ability to pay and without receiving proof of the medical costs incurred by the victim and therefore the issue is properly remanded to the trial court for determination thereon.
We find the trial court erred in ordering restitution in the amount of $40,000 because it failed to inquire into Green's ability to pay and the State failed to present any evidence of the amount of the victim's medical bills. Howren v. State, 510 So.2d 1142 (Fla. 2d DCA 1987); Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987); Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987); Dolan v. State, 468 So.2d 442 (Fla. 2d DCA 1985). The restitution order is reversed by this court and remanded to the trial court with instructions to conduct a new hearing at which the State should be required to present evidence of damages, and the trial court should be required to take into account the defendant's ability to pay restitution.
The trial court properly departed from the guidelines for the reasons stated in the written order signed by the court during sentencing. The trial court is not required to orally repeat the reasoning offered by the state for departures. The court may adopt the reasons provided by the State in the presence of the defendant, which was done in this case. Williams v. State, 531 So.2d 212, (Fla. 1st DCA 1988); Wright v. State, 538 So.2d 497 (Fla. 3d DCA 1989). The State does agree however, that the trial court may not rely on both victim injury and excessive use of force. In as much as the record clearly shows beyond a reasonable doubt that the trial court would have arrived at the same sentencing decision on the basis of the other reasons stated, we affirm the sentence imposed. See Williams v. State, supra; Wright v. State, supra.
The trial court properly ruled that the allegedly offensive comments from the prosecutor during closing argument constituted proper rebuttal to defense counsel's own closing remarks. Bertolotti v. State, 476 So.2d 130 (Fla. 1985); Dufour v. State, 495 So.2d 154 (Fla. 1986); Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987); Helton v. State, 424 So.2d 137 (Fla. 1st DCA 1982). The comments did not violate the defendant's right to a fair trial by commenting upon his right to remain silent. Defense counsel cannot invite the comments and then complain that the comments were made. Additionally, the State submits that the defense waived any objection to the comment complained of and therefore is precluded from raising the point on appeal. See Hoffman v. State, 474 So.2d 1178 (Fla. 1985).
The trial court properly gave the jury a modified instruction on the flight of the accused, because the evidence showed the accused had left Miami after the attack and was arrested in Orlando. The comment did not constitute an impermissible comment on the evidence, but merely informed the jury that they could consider flight as circumstantial evidence of guilt. Whitfield v. State, 452 So.2d 548 (Fla. 1984); Proffitt v. State, 315 So.2d 461 (Fla. 1975); Feimster v. State, 491 So.2d 321 (Fla. 3d DCA 1986); Haywood v. State, 466 So.2d 424 (Fla. 4th DCA 1985).
Therefore, we hereby reverse that portion of the order appealed requiring restitution and remand for further proceedings *574 consistent herewith, in all other respects the order appealed is hereby affirmed.
Reversed in part, affirmed in part.