GRIFFIN, Judge.
Cindy Ann Small (“defendant”) timely appeals an order imposing restitution ordered in an earlier prosecution as a condition of probation in this case.[1] We reverse.
On January 22, 1990, defendant was charged with obtaining goods by worthless check from a Winn-Dixie Store in Winter Park, Florida. The goods were valued at $180.22, the amount of the worthless check tendered by defendant. Defendant pled guilty to the charge. The presentence investigation revealed she had previously been convicted of a number of misdemeanors for other bad checks written to Winn-Dixie.[2] She had been ordered to pay restitution on the earlier charges as a condition of probation and, as of the sentencing hearing, she still owed Winn-Dixie a balance of $432.97 for those other offenses. In the current case, she received 48 months probation and, as a condition of her probation, was ordered, over objection, to pay Winn-Dixie $613.19, consisting of restitution for both the current offense and restitution remaining unpaid on the earlier charges.
Defendant objected below and argues here that the requirement that she pay restitution ordered in an earlier prosecution as a condition of probation violates double jeopardy.[3] The state has ignored defen *598 dant’s double jeopardy argument and argues simply that the restitution order was permissible under section 775.089(1), Florida Statutes (1987), which permits a judge to order restitution to the victim for “damage or loss caused directly or indirectly by the defendant’s offense.... ” The state theorizes that the earlier bad check losses are significantly related to the bad check charge here because the offenses and the victim were the same.[4]
Florida courts have previously recognized a trial court’s power to order a defendant to pay restitution in one case as a condition of probation in another. In Rose v. State, 434 So.2d 1014 (Fla. 5th DCA 1983), rev. denied, 444 So.2d 418 (Fla.1984), this court affirmed an order in which, as a condition of probation on charges of depositing a bad check, defendant was required to make restitution for charges involving forgery, depositing a check with the intent to defraud and obtaining property by worthless check. In Cogdell v. State, 547 So.2d 256 (Fla. 5th DCA 1989), defendant was originally sentenced to community control for burglary and dealing in stolen property. Upon violation of community control, he was resentenced to thirty months incarceration for the burglary followed by three years of probation on the stolen property charge. This court upheld an order requiring defendant to make restitution for the stolen property and the burglary, “as well as three other cases listed on the defendant’s probation report.” Id. at 257. In Williams v. State, 565 So.2d 849 (Fla. 1st DCA 1990), the court upheld an order requiring defendant to pay $600 in restitution remaining unpaid from an earlier unemployment compensation fraud conviction as a condition of probation in his later conviction for grand theft.
In State v. Williams, 520 So.2d 276, 277 (Fla.1988), the supreme court refused to allow a restitution order which required defendant to pay, as a condition of probation, restitution for injuries sustained in an accident after defendant was convicted of a single count of leaving the scene of an accident resulting in personal injuries. The court found that the injuries for which restitution was ordered were not proved to be “directly or indirectly” caused by defendant’s leaving the scene of the accident.
State v. Williams suggests that an order requiring a defendant to pay restitution for damages caused by other criminal acts, although involving identical charges, would run afoul of the causation requirement set forth in section 775.089(1). This was the position taken by the Second District Court of Appeal even prior to State v. Williams. In Anderson v. State, 502 So.2d 1288 (Fla. 2d DCA 1987), the Second District reversed a restitution order requiring defendant to pay losses sustained by other victims in another case, even though the offense— grand theft — was the same in both cases. The basis of the Anderson decision was the lack of a causal link between defendant’s conviction in the case under review and the damages sustained by the two victims in the other case. Id. at 1289.
In Cogdell, this court rejected the Anderson court’s reasoning, finding the *599 language of section 775.089(1)(a) as amended in 1985 broadened the trial court’s authority to impose restitution. Cogdell did not discuss the Williams decision in which the supreme court found the amendatory language created a causal relationship requirement.
Cases subsequent to State v. Williams have struck down restitution orders which require restitution in one case for damages resulting from conduct constituting a separate offense, even when the underlying offenses are related. For example, in Lee v. State, 562 So.2d 865 (Fla. 5th DCA 1990), this court affirmed defendant’s conviction for grand theft of an automobile, but reversed that portion of the order which required defendant to pay $500 in restitution for cash allegedly stolen from the victim’s home at the same time the car was stolen. See also Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991).
In a divided opinion in its Williams case, the First District sidestepped the “causation” requirement of section 775.089(1) and the supreme court’s decision in State v. Williams by theorizing that, in cases involving conditions of probation, restitution for an unrelated offense can be ordered under section 948.03(8), Florida Statutes:
The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper. The court may rescind or modify at any time the terms and conditions theretofore imposed by it upon the probationer or offender in community control.
§ 948.03(8), Fla.Stat. (1989);[5] 565 So.2d at 851.[6] However, this distinction is not convincing; State v. Williams itself involved restitution imposed as a condition of probation.
We recognize there is a difference between being ordered to pay restitution in a case for other unproved or unconvicted offenses and being ordered (again) to pay restitution which was properly ordered in other cases, but which remains unpaid. The latter is arguably more akin to an order not to violate lawful orders made in previous cases or an order not to violate conditions of any other probation being served. Based on Williams and the controlling statutes, however, this appears to be a distinction without a difference. It does appear from a reading of section 775.-089(1)(a), Florida Statutes, as interpreted by the supreme court in State v. Williams, as well as section 948.03(1)(e), Florida Statutes that, whatever the breadth of judicial discretion in fashioning other conditions of probation, when the condition of probation is that restitution be paid, the payment may be ordered only for a loss caused by the offense for which defendant is being sentenced. In the present case, appellant was ordered to pay as restitution the sum of $613.19 for the offense of writing a $180.22 check. The portion of the probation order in this case requiring defendant to pay restitution ordered in an earlier prosecution as a condition of probation is quashed.
Probation Order QUASHED and REMANDED for correction.
COWART and HARRIS, JJ., concur.

. Appellant has also appealed the award of costs but this issue is without merit.

. The presentence investigation report is not part of the record on appeal. It is unclear whether the other bad checks were written before or after the one prosecuted in this case.

. Defendant relies on North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), in which the court recognized that the double jeopardy clause prohibits "multiple punishments for the same offense." 395 U.S. at 717, 89 S.Ct. at 2076. See also Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
We have found cases in other jurisdictions where courts have held that ordering a defen *598 dant to comply with a previous restitution order as a condition of probation in a later criminal proceeding violates the prohibition against double jeopardy. In Hardy v. United States, 578 A.2d 178 (D.C.App.1990), defendant was originally ordered to pay restitution as a condition of probation on a charge involving destruction of property. Later, he was charged with possession of cocaine and, as of the time of sentencing in the second case, he had not fully complied with the earlier restitution order. As a condition of his probation in the second case, he was ordered to pay the remaining restitution in the earlier case. In reversing this order, the appeals court held that, by tying the two cases together so that a violation of probation in the first case could result in revocation of probation in the second as well as the first, impermissible multiple punishments had been devised for a single offense. Id. at 180. Similarly, in In re R.L.C., 114 Wis.2d 223, 338 N.W.2d 506 (Wis.Ct. App.1983), the court held that conditioning probation in a second case upon the payment of restitution ordered but unpaid in a prior case violated double jeopardy. We doubt this issue presents a double jeopardy problem; however, in light of our disposition of this case, this constitutional issue need not be decided.

. The state also objects that the only proof appellant had been ordered to pay restitution for the earlier bad checks was the representation of her counsel (based on the PSI) at the sentencing hearing. However, the same PSI is also the only evidence that she had a prior record for writing bad checks to Winn-Dixie and the amount owed. Neither side objected to proof based on the PSI.

. The Cogdell court also appears to have relied in part on an earlier version of the same statute. 547 So.2d at 257 n. 1.

. In dissent, Judge Ervin not only found it error to impose restitution for the unemployment compensation fraud convictions as a special condition of probation in an unrelated grand theft conviction, he concluded the error was fundamental.