593 So.2d 1169 (1992)
Clemond Edward HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-646.
District Court of Appeal of Florida, First District.
February 13, 1992.
Nancy A. Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks review of the restitution order entered upon his conviction of the offense of battery, asserting the trial court erred (1) in failing to afford him an opportunity to object to the amount or method of payment of restitution, and (2) in assessing *1170 a processing fee on restitution where appellant was not committed to the Department of Corrections. The state agrees the assessment of a processing fee was error in this case. We reverse on both points.
Appellant was charged with aggravated battery with a deadly weapon, i.e., a small knife. A jury found him guilty of the lesser-included offense of battery. Appellant's trial counsel was called from the courtroom before the jury returned with its verdict. When it became evident that the trial court proposed to proceed immediately to sentencing after the jury's verdict was announced, substitute defense counsel requested that sentencing be deferred until appellant's attorney returned. Substitute counsel explained that he was unprepared to offer mitigation, because he knew nothing about appellant's background, present economic situation, or family circumstances. The request was denied, and the trial court imposed a sentence of eleven months and fifteen days in county jail, and assessed court costs of $151.00. In addition, appellant was directed to pay restitution to the victim. Upon being advised that the state attorney was unable to provide the amount due at that time, the court announced that upon receipt of the required information, the required order would be affixed specifying the amount of restitution to be paid.
Three days later, the trial court entered four separate orders directing appellant to pay restitution in the total amount of $4,813.02, in monthly payments of $160.00, together with a processing fee for each payment pursuant to section 945.31, Florida Statutes. The record does not contain a finding regarding appellant's ability to pay. However, the record does reflect that appellant was declared indigent, and was provided with the services of the public defender's office both at trial and on appeal.
Section 775.089(6), Florida Statutes (1989), provides:
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
A defendant is not entitled to advance notice before the trial court imposes restitution under section 775.089, see Williams v. State, 565 So.2d 849, 851 (Fla. 1st DCA 1990), and this court has ruled that generally a defendant's failure to assert an inability to pay restitution is treated as a waiver of the right to raise the issue on appeal. See Williams v. State, 565 So.2d at 851; Hawthorne v. State, 558 So.2d 156 (Fla. 1st DCA 1990), quashed on other grounds, State v. Hawthorne, 573 So.2d 330 (Fla. 1991); Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989). Nevertheless, the waiver rule is not applied rigidly. For example, in Abbott, since an evidentiary hearing was required on the value of stolen jewelry for which restitution was ordered, the court directed that the remand inquiry should also address the appellant's ability to pay, even though no objection was made to restitution in the lower tribunal.
The second and third districts have construed section 775.089(6) as requiring the trial court to consider the defendant's ability to pay. In Howren v. State, 510 So.2d 1142, 1144 (Fla. 2d DCA 1987), the second district rejected the state's contention that appellant failed to preserve the restitution for review because he did not object to the imposition of restitution at the sentencing hearing. There, the court concluded that because the trial court did not state the amount of restitution appellant would be required to pay at the sentencing hearing, the appellant had no opportunity to voice an objection.
Similarly, in Green v. State, 571 So.2d 571 (Fla. 3d DCA 1990), the third district noted the state's agreement that a trial court may not order restitution without first considering the defendant's ability to pay. The court then held the trial court erred in ordering restitution, "because it failed to inquire into Green's ability to pay and the State failed to present any evidence of the amount of the victim's medical bills." *1171 571 So.2d at 573. The cause was reversed and remanded with directions to conduct a new hearing to determine the defendant's ability to pay and to require the state to prove the amount of the victim's medical bills. See also Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989) (Since it was undisputed that restitution orders were entered without an opportunity for the defendant to be heard, the court vacated the restitution order and remanded for a hearing pursuant to section 775.089, Florida Statutes.)
The record in this case reflects that appellant's trial counsel was called from court during the trial, and substitute counsel's request for a delay in sentencing was denied  even though substitute counsel advised the court that he was unprepared to offer mitigation, because he lacked knowledge of appellant's economic situation or family circumstances. We conclude that substitute counsel's request for a delay in sentencing, together with his representation that he was unable to offer mitigation because he knew nothing of appellant's situation, constituted a sufficient objection to restitution to preserve the issue for review. Moreover, since the amount of restitution and the manner of its payment were not announced at the sentencing hearing, appellant was not afforded an opportunity to object, in any real sense.
The second issue concerns payment of a four percent processing fee, assessed against persons in the custody or under the supervision of the Department of Corrections. See § 945.31, Fla. Stat. (1989). Since appellant is not in custody or under the supervision of the Department of Corrections, assessment of a four percent processing fee pursuant to section 945.31 was improper.
Accordingly, the restitution orders are reversed and remanded for a hearing on appellant's ability to pay restitution, the amount of restitution, and for deletion of the four percent processing fee.
ZEHMER and WOLF, JJ., concur.