PER CURIAM.
Terry Faulkner has appealed from an order imposing restitution after his convictions of purchase and possession of cocaine. We reverse and remand with directions to strike the restitution order.
Following the foregoing convictions, Faulker was sentenced as an habitual offender to two concurrent 3½ year terms of incarceration. The court did not mention restitution at sentencing, nor hold a separate hearing. One week after sentencing, a different judge entered a written restitution order requiring $230.00 in' restitution to the police department narcotics division.
Faulkner argues that the trial court erred in ordering restitution without a hearing, citing Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991) and Harris v. State, 593 So.2d 1169 (Fla. 1st DCA 1992). In Denmark, as here, the trial court ordered restitution without a hearing, either separate or during sentencing. The appellate court reversed, in that the trial court had no opportunity to consider Denmark’s resources before imposing restitution. Although the Harris trial court imposed restitution at sentencing, it set the amount three days later in a separate order. The court reversed, in that, because the trial judge had not announced the amount or manner of payment at sentencing, "appellant was not afforded an opportunity to object, in any real sense.” Harris at 1171.
The state concedes that, under the foregoing authorities, the restitution order herein was improperly entered. Based on this concession of error, the restitution order imposed herein is reversed, and the case remanded with directions to strike that order.
JOANOS, C.J., and ERVIN and ZEHMER, JJ., concur.