Dear Mr. Barnes:
You have requested our opinion concerning your office's desire to develop and implement a "substance abuse fund." You pose the following questions:
1. In the absence of specific statutory authority, may a court require a defendant to make a "contribution" to such a fund as a condition of probation or probation before judgment?
2. Does a juvenile master have comparable authority in delinquency matters?
3. If such a plan is legally permissible, may collection and enforcement be administered under the auspices of the Division of Parole and Probation?
Our opinion is as follows:
1. A trial court may require payment to a substance abuse fund as a condition of probation or as a condition of probation before judgment.
2. A juvenile court may, but need not, accept a master's recommendation that payment to the fund be made a condition of probation.
3. With the approval of the Secretary of Public Safety and Correctional Services, collection and enforcement of the monies may be administered under the auspices of the Division of Parole and Probation.
 I Introduction
The Carroll County State's Attorney's Office has been asked to assist in the development and implementation of a substance abuse fund. The proposed plan envisions that an individual convicted of a substance abuse offense would make a contribution to the fund as a condition of probation or probation before judgment.
Substance abuse fund programs currently exist in other counties in Maryland. For example, in Calvert County, payment to the substance abuse fund is often ordered by the court in lieu of a fine, payment of court costs, or community service. Once paid, the funds are deposited in the county's general fund, and the funds are then used for substance abuse programs. The program is administered by a board that includes the State's Attorney, the Sheriff, and a member of the Maryland State Police.
St. Mary's County has a similar program. Payment to the substance abuse fund may be ordered in lieu of community service. The payments are deposited in the county's general fund and are used to provide training for police, to purchase equipment, or to fund other projects directly related to drug enforcement.
 II Probation and Probation Before Judgment
A. Probation
Probation enables a criminal offender to serve at least part of the sentence in the community, rather than in prison, and requires the offender to adhere to prescribed conditions in order to retain that conditional freedom. Neil P. Cohen and James J. Gobert, The Law of Probation and Parole § 1.01, at 4-5 (1983). "When placing a defendant on probation, the court shall advise the defendant of the conditions and duration of probation and the possible consequences of a violation of any of the conditions." Maryland Rule 4-346(a). The broad objectives sought by probation are education, rehabilitation, and protection of the public. SeePorth v. Templar, 453 F.2d 330, 333 (10th Cir. 1971); State v.Graham, 636 A.2d 852, 860 (Conn.App. 1994); Purvis v. State,442 So.2d 1085, 1087 (Fla.Dist.Ct.App. 1983); Rose v.State, 434 So.2d 1014, 1015 (Fla.Dist.Ct.App. 1983).See generally 21 Am. Jur. 2d Criminal Law § 570 (1981). The conditions of probation should promote those objectives.Id.
"A judge has very broad discretion when imposing conditions of probation `and may make such orders and impose such terms as to [costs and] . . . conduct . . . as may be deemed proper. . . .'"Sheppard v. State, ___ Md. ___, 1996 WL 711277 (Dec. 12, 1996) (quoting Article 27, § 639(a) of the Md. Code). "A judge, however, does not have unlimited discretion in fashioning conditions of probation." Id. A condition of probation must not be vague, indefinite, uncertain, unreasonable, or without a rational basis.Smith v. State, 306 Md. 1, 7, 506 A.2d 1165 (1986).[1] See,e.g., Purvis v. State, 442 So.2d at 1087 (requiring defendant convicted of murdering his wife to pay the mother of his deceased wife $1,500 was improper because it was not reasonably related to offense involved, rehabilitation of defendant, nor public). Seealso Arciniega v. Freeman, 404 U.S. 4 (1971) (conditions of probation are proper so long as they are not illegal, unrelated to rehabilitative purpose, or impossible to perform).
In our opinion, a rehabilitative purpose is served by requiring an individual convicted of possession, distribution, or manufacturing of a controlled dangerous substance to pay a specified amount to a fund to combat abuse of controlled dangerous substances. If the monies paid to the fund are used for substance abuse educational programs, the defendant may gain greater self-awareness about his or her own drug problem. An individual who is educated about the dangers of drugs, as well as the legal ramifications of drug possession, will more likely conform his or her conduct to the minimal societal standards set by the criminal statutes.[2] See Rose v. State, 434 So.2d at 1015. The payment requirement reflects an effort by the judge to prevent the defendant from committing similar crimes in the future. Thus, a contribution to a fund used for substance abuse programs would be a proper probationary condition. See United States v. Posner,694 F. Supp. 881, 883 (S.D. Fla. 1988) (approving probation condition requiring defendant who pled guilty to overvaluing charitable contributions so as to lessen his tax liability to devote 20 hours per week to the formulation and implementation of a meaningful plan dedicated to alleviating the problem of the homeless);[3] People v. Burleigh,727 P.2d 873, 874-75 (Colo.App. 1986) (approving probation condition requiring defendant who was convicted of unlawfully dispensing controlled substances to make a charitable donation to specified mental health center that conducted drug treatment program); State v. Pieger,680 A.2d 1001, 1005 (Conn.App. 1996) (approving probation condition requiring defendant who was convicted of motor vehicle offense to make a charitable contribution to hospital, where the defendant's actions resulted in accumulation of more than $1 million in medical bills at the hospital). Thus, a trial court may impose payment to a drug abuse fund as a condition of probation.
Use of the monies to provide training for police, to purchase equipment, or to fund other projects directly related to drug enforcement would relate to the protection of the public and, thus, would be a proper condition of probation. An individual convicted of a drug crime is potentially harmful to the public as a possessor, manufacturer, or distributor of drugs. These socially harmful acts could potentially be deterred through a probation condition requiring the defendant to help provide adequate police training and equipment and other projects related to drug enforcement.[4]
If a trial judge chooses to impose payment to the fund as a condition of probation, the judge ordering such a condition should take account of the defendant's ability to comply. While payment to such a fund and use of the monies to educate people about the ills of drugs may be laudable and worthwhile goals, the imposition of a costly condition of probation as an alternative to imprisonment may actually be counterproductive to the rehabilitative intention of probation. As the Court of Appeals observed in Coles v. State, 290 Md. 296, 306, 429 A.2d 1029
(1981), "if the amount fixed exceeds the defendant's resources, the rehabilitative purpose of the sentence is frustrated, . . . for in such a case the defendant is told that he will not be imprisoned only if he somehow satisfies a condition he cannot hope to satisfy." In imposing a condition of this kind, consideration must be given to the fundamental objective of promoting rehabilitation, coupled with the probationer's financial resources, employment status, earning ability and any other special circumstances bearing ON the defendant's ability to pay.See, e.g., State v. Parker, 423 So.2d 1121, 1124 (La. 1982) (term of probation requiring defendant to pay $200 per month to criminological fund was an improper condition as probationer was already burdened by fixed expenses of caring for a sick, elderly parent, costs that consumed the larger part of his disposable income).
B. Probation Before Judgment
Article 27, § 641(a)(1) authorizes the imposition of probation before judgment:
 Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, place the person on probation subject to reasonable terms and conditions as appropriate. The terms and conditions may include ordering the person to pay a fine or pecuniary penalty to the State, or to make restitution . . . .
Under Article 27, § 641(c), a defendant who receives probation before judgment is not convicted of the crime, unless the defendant fails to fulfill the terms and conditions of probation.[5] In 49 Opinions of the Attorney General 129 (1964), Attorney General Finan addressed the question whether a judge could place an accused on probation without verdict (the predecessor to probation before judgment) and, at the same time, impose a "monetary charge." Discussing the inconsistency between granting a "probation without verdict" and simultaneously imposing what could be considered a fine, Attorney General Finan wrote:
 If such a charge be considered a fine, then its imposition is wholly foreign to "probation without finding a verdict," because a fine is a pecuniary form of punishment imposed upon one found guilty of crime, whereas probation without verdict altogether avoids a finding of guilt. "Indeed, one of its primary purposes, where its use is deemed appropriate, is to avoid placing the stigma of a conviction on the accused."
49 Opinions of the Attorney General at 130 (quoting State v.Jacob, 234 Md. 452, 199 A.2d 803 (1964)). See also Commissionerof Motor Vehicles v. Lee, 254 Md. 279, 255 A.2d 44 (1969) (court may not make a finding of probation without verdict as to a particular offense charged and at the same time impose a pecuniary penalty or fine for that offense). Attorney General Finan also rejected the argument that the charge was a permissible "condition of probation": "[I]ts use so manifestly invites abuse that we find it impossible to imply from the statutory provision . . . the power so to condition probation without verdict." Id.[6]
Thirteen years later, Attorney General Burch revisited the issue after the statute had been reworded:
 It is the opinion of this office that although the semantics and terminology of Article 27, § 641 were changed to avoid procedural detriment, the rationale and purpose of that section remain unaltered; i.e., the avoidance of the stigma of a criminal conviction. . . .
 Moreover, it is the opinion of this office that a fine may not be imposed when Article 27, § 641 is invoked.
60 Opinions of the Attorney General 592, 596 (1975).
In 1981, however, § 641(a) was amended to provide that "[t]he terms and conditions may include ordering the person topay a fine or pecuniary penalty to the State, or to make restitution . . . ." (emphasis added). This change in § 641(a) was effected by — and was the express purpose of — Chapter 346 of the Laws of Maryland 1981. The title of Chapter 346 states its purpose, in relevant part, as follows: "For the purpose of permitting a court to order payment of a fine or pecuniary penalty as a condition of probation before judgment." Accordingly, a trial court may impose payment to a substance abuse fund controlled by State officials as a condition of probation before judgment.
 III Juvenile Masters
You also inquire whether a juvenile master has the authority to order payment to a substance abuse fund in delinquency matters.
Following a hearing, a juvenile master files proposed recommendations to the court. Rule 11-111 b.[7] The findings, conclusions and recommendations of a master do not constitute orders or final action of the court. Rule 11-111 a 2.See also Caldor, Inc. v. Bowder, 330 Md. 632, 658, 625 A.2d 959
(1993). Any party may file exceptions to these recommendations within five days. Rule 11-111 c. Once exceptions are filed, the court is to hold a hearing. Id. "In the absence of timely and proper exceptions, the master's proposed findings of fact, conclusions of law and recommendations may be adopted by the court and the proposed or other appropriate orders may be entered based on them." Rule 11-111 d. The court need not adopt the proposed findings, however. Caldor, 330 Md. at 658. The court may instead remand the case to the master for further hearing or, on its own motion, conduct further hearing, including taking additional evidence as it considers relevant. Id.
Under § 3-820(c)(1)(i) of the Courts Article and Judicial Proceedings Article, "the court may . . . [p]lace the child on probation . . . upon terms the court deems appropriate." If a master recommends payment to a substance abuse fund as an "appropriate" term of probation and no exception is filed, the court is free simply to adopt that recommendation. The court is never required to do so, however, and in any event the decision about terms of probation is ultimately the court's, not the master's.
 IV Division of Parole and Probation
The Division of Parole and Probation ("Division") was created as an agency of the Department of Public Safety and Correctional Services. The Division has express statutory authority to collect fees for specified purposes. See Article 41, §§ 5-519(b) (supervision fees), 4-519(g) (drug and alcohol testing), and 4-601(b)(5) (Drinking Driver Program supervision fees). The Division has no express authority over the collection of money to be paid to a substance abuse fund.
Yet the Division also has broad authority, "[s]ubject to the authority of the Secretary of Public Safety and Correctional Services," to carry out "other duties provided . . . by law." Article 41, § 4-601(b). The Secretary might reasonably consider the duty to collect substance abuse fund payments to be implicitly provided by the law that authorizes the court to impose that condition of probation. See Op. Fla. A. G. 073-283 (August 14, 1973) (Florida Parole and Probation Commission had the authority to collect monies, including court-ordered restitution and costs of probation imposed upon a probationer as conditions of probation, where the duties imposed on the Parole and Probation Commission clearly contemplated that the Commission, in supervising probationers, assist the court in the collection of any moneys imposed by the order of probation). Therefore, if the Secretary authorizes it to do so, the Division may collect substance abuse fund payments imposed by a court as a condition of probation).
 V Conclusion
In summary, it is our opinion that:
1. A trial court may require payment to a substance abuse fund as a condition of probation or as a condition of probation before judgment.
2. A juvenile court may, but need not, accept a master's recommendation that payment to the fund be made a condition of probation.
3. With the approval of the Secretary of Public Safety and Correctional Services, collection and enforcement of the monies may be administered under the auspices of the Division of Parole and Probation.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Kimberly Smith Ward Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions Advice
[1] A general condition of probation is permissible only "so long as it is contemplated that the court or its designee (usually the probation authority) will provide the probationer with reasonable, specific direction within the ambit of the initially expressed general condition, and such guidance is in fact given." Smith, 306 Md. at 7 (quoting Hudgins v. State,292 Md. 342, 348, 438 A.2d 928 (1982)). In addition, a condition of probation may not infringe on a statutory scheme of regulation administered by an executive branch agency. Sheppard v. State,1996 WL 711277.
[2] The links between the criminal act and the condition of probation distinguish the substance abuse fund proposal from probation conditions with no nexus to the offense. See Grate v.State, 623 So.2d 591 (Fla.Dist.Ct.App. 1993) (disapproving probation condition prohibiting the defendant from entering a bar or liquor lounge without permission from probation officer, because the condition had no relation to crime of cocaine possession for which the defendant was found guilty); Bamberg v.State, 599 So.2d 769 (Fla.Dist.Ct.App. 1992), aff'd618 So.2d 204 (Fla. 1993) (disapproving probation condition that barred probationer, who was convicted of burglary and grand theft, from places serving alcohol, because the condition did not reasonably relate to crimes for which probationer was convicted).
[3] Federal courts have often held the applicable federal statute to authorize contribution or payment to a charity or community program as a condition of probation. See, e.g., UnitedStates v. William Anderson Co., Inc., 698 F.2d 911, 913-14 (8th Cir. 1982) (as a condition of probation, corporate defendant could be required to pay part of fine to charitable organization);United States v. Wright Contracting Co., 563 F. Supp. 213, 214
(D. Md. 1983) (requiring corporate defendant to pay $175,000 to charitable organization as condition of probation was proper). Such a condition is proper if reasonably related to crime and rehabilitation or public protection. Templar, 453 F.2d at 333.See also United States v. Lawson, 670 F.2d 923, 929 (10th Cir. 1982).
[4] Maryland law, unlike the law of some states, does not expressly limit payment to those "aggrieved" by the criminal misconduct. Cf. State v. Dominguez, 853 P.2d 147 (N.M.App. 1993) ($500 contribution to Sheriff's Office was improper condition of probation and was not reasonably related to defendant's rehabilitation, because the Sheriff's Office was not aggrieved by the defendant's actions).
[5] This provision is as follows:
 Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation. The discharge is final disposition of the matter. Disposition of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime.
[6] The statute at the time authorized the court to "make such conditions of . . . probation as the court may deem proper."
[7] Former Rule 911 has been renumbered as Rule 11-111. See
23:14 Md. Reg. P-40 (July 5, 1996).
 *Page 44